ELIHU BAXTER *versus* WILLIAM BRADBURY.

If the covenant of seizin in a deed of warranty is broken, and thereby the title wholly fails, the law restores to the purchaser the consideration paid, with interest; but in this, as in other covenants usual in deeds for the conveyance of real estate, if there exist facts and circumstances which would render the application of the rule inequitable, they are to be taken into consideration by a jury in estimating the damages.

If the covenant of seizin is broken, but in virtue of the covenant of warranty in the same deed, which was also taken to assure to the purchaser the subject matter of the conveyance, he has obtained that seizin, he cannot retain the seizin of the land, and be allowed besides to recover back the consideration paid for it.

If the grantor by deed of warranty had nothing in the estate at the time of the conveyance, but acquires a title afterwards, this title enures to the grantee immediately by way of estoppel; and he cannot elect to reject the title, and recover the consideration money paid in an action for breach of the covenant of seizin, but is entitled to merely nominal damages where no interruption of the possession has taken place, and to the damages actually sustained where there has.

The estoppel, being part of the title, may be given in evidence without being pleaded.

In an action for the *breach* of *this covenant*, which does'not assure the paramount title, if there be an actual seizin, it is immaterial whether it be defeasible or indefeasible.

An estate in fee, upon the decease of the ancestor, is presumed to descend in pursuance of the laws of inheritance, unless the 'descent is shown to have been intercepted by a devise.

COVENANT broken, for breach of the covenant of seizin in a deed of warranty from the defendant to the plaintiff, dated August 3d, 1835. In this deed many lots of land were conveyed, and several in Corinth were described. To prove the breach of the covenant declared on, the plaintiff read a deed of warranty from John Peck to Benjamin Joy, conveying the town of Corinth, with certain reservations, dated July 27th, 1799. The land in controversy was part of the land conveyed to Joy. The plaintiff proved · the consideration paid for these lots, and there rested his case.

The defendant then read a deed of mortgage, dated August 3d, 1835, from the plaintiff to him, of the same premises to secure the payment of certain notes; and a deed of quitclaim of the same premises from the plaintiff to Chester Baxter,

dated July 31, 1837. To prove a seizin in the plaintiff, and also for the purpose of reducing the damages, the defendant offered in evidence a deed of quitclaim from Amos Whitney to him of one of the lots, dated August 24, 1835, and the warranty deed of Thomas Whitten, dated the same day, of another lot, and offered evidence to show that the grantors were then in possession. To the introduction of this evidence the plaintiff objected, and EMERY J. presiding at the trial, ruled it to be inadmissible, and rejected it. The defendant also offered the contract of Joy, dated in June, 1835, to convey certain of the lands in controversy to the defendant, and a deed of the same from the heirs of Joy, dated Oct. 20, 1837, after this action was commenced, but the Judge rejected it. The defendant then offered to prove that the lots were of less value than the purchase money. This evidence was rejected.

A default was then entered by consent, and the damages assessed at the amount of the consideration and interest, under an agreement, that if in the opinion of the whole Court, the evidence rejected should have been admitted, the default was to be taken off, and the action stand for trial.

*J. Appleton*, for the defendant, contended, that the testimony offered was improperly excluded. There is no evidence that the plaintiff was ever interrupted in the possession of the property. The defendant acquired a perfect title to the land afterwards; and this title enured to the benefit of the plaintiff by way of estoppel. The plaintiff is not entitled to any damages. 1 Johns. Cas. 81; *Somes* v. *Skinner*, 3 Pick. 52; *Fairbanks* v. *Williamson*, 7 Greenl. 96; *Jackson* v. *Hoffman*, 9 Cow. 271; *Lawry* v. *Williams*, 1 Shep. 281.

But the damages, if any must be assessed, should be merely nominal. *Bean* v. *Mayo*, 5 Greenl. 94; *Leland* v. *Stone*, 10 Mass. R. 459; 12 Mass. R. 305; 12 Wend. 83; 5 N. H. R. 266; 15 Pick. 434; 5 Johns. 49.

But the defendant is as well entitled to recover of the plaintiff on the covenants of the deed of mortgage, as the plaintiff is in the present action. The money should not be paid to the plaintiff to be immediately returned. 10 Pick. 204; 20 Pick. 474.

*Rogers* and *Cooley*, for the plaintiff, contended, that the remedy for the breach of the covenant of seizin did not run with the land, and therefore that the plaintiff was not prevented from recovering by his quitclaim deed to Chester Baxter. 5 Greenl. 227; 2 Johns. 1; 4 Johns. 72; 14 Johns. 248; 2 Mass. R. 433, 455. The deeds offered were rightly rejected, because it was not shown that the grantors had any title. They were not admissible to show title by estoppel, because it is necessary to plead an estoppel, and this was not done. 17 Mass. R. 365. The title by estoppel could not enure to the benefit of the plaintiff without his consent. He is not compelled to receive the title. The evidence was not admissible to reduce the damages, because on the breach of this covenant, the plaintiff is entitled to recover the consideration money paid, and not receive land. 2 Mass. R. 433, 455; 8 Mass. R. 162; 10 Mass. R. 460; 5 Greenl. 227.

The opinion of the Court was by

WESTON, C. J. — It is assumed in argument, that Amos Whitney and Thomas Whitten were seized of the lands described in their respective deeds to the defendant, dated August 24, 1835; The lands constitute a part of that, which is the subject matter of this suit. These deeds, with the evidence of their seizin, were rejected as inadmissible, by the presiding Judge at the trial. If this evidence could legally have any effect upon the right of the plaintiff to recover, or upon the measure of damages, it ought not to have been rejected.

The rules, which have been established to determine the measure of damages, upon the breach of covenants in deeds for the conveyance of real estate, have been framed with a view to give the party entitled a fair indemnity for damage he has sustained. Thus if the covenant of seizin is broken, as thereby the title wholly fails, the law restores to the purchaser, the consideration paid, which is the agreed value of the land, with interest. But in this, as well as in other covenants, usual in the conveyance of real estate, if there exists facts and circumstances, which would render the application of the rule in-

equitable, they are to be taken into consideration by a jury. *Leland* v. *Stone*, 10 Mass. R. 459. The covenant was intended to secure to the plaintiff a legal seizin in the land conveyed. If it is broken and he fails of that seizin, he has a right to reclaim the purchase money. But if in virtue of another covenant in the same deed, which was also taken to assure to him the subject matter of the conveyance, he has obtained that seizin, it would be altogether inequitable that he should have the seizin, and be allowed besides to recover back the consideration paid for it. The rule as to the measure of damages for the breach of this covenant, which is just in its general application, could never be intended to apply to such a case. In *Whiting* v. *Davey*, 15 Pick. 428, it is strongly intimated by the court, that this rule may have exceptions, as it undoubtedly has.

If Whitney and Whitten were seized, immediately upon the execution of their deeds, which were executed a few days after that, upon which the plaintiff declares, their seizin at once enured and passed to him, in virtue of the covenant of general warranty in his deed. *Somes* v. *Skinner*, 3 Pick. 52. It has been insisted by the counsel for the plaintiff that this effect depends upon the election of the grantee, and that the plaintiff here would reject the title arising by estoppel. But we are aware of no legal principle, which can sustain this position. In the case last cited, the court say, " that the general principle to be deduced from all the authorities is, that an instrument, which legally creates an estoppel to a party undertaking to convey real estate, he having nothing in the estate at the time of the conveyance, but acquiring a title afterwards by descent or purchase, does in fact pass an interest and a title from the moment such estate comes to the grantor." The plaintiff by taking a general covenant of warranty, not only assented to, but secured and made available to himself, all the legal consequences, resulting from that covenant. Having therefore under his deed, before the commencement of the action, acquired the seizin, which it was the object of both covenants to secure, he could be entitled only to nominal damages, and in our judg-

ment the evidence rejected was legally admissible. The estoppel, being part of the title, may be given in evidence, without being pleaded. *Adams* v. *Barnes*, 17 Mass. R. 365. Whether the seizin of Whitney and Whitten was defeasible or indefeasible, is not a question which can arise under this covenant, which operates only upon the actual seizin and does not assure the paramount title.

The same course of reasoning, and the same authorities, which justified the admission of the testimony rejected, required that the evidence of title derived by estoppel from Joy's heirs, should have been received.

It has been objected, that these lands may have been devised by Joy, which may have prevented a descent to the heirs. But an estate in fee, upon the decease of the ancestor, is presumed to descend, in pursuance of the laws of inheritance, unless the descent is shown to have been intercepted by a devise.. By the conveyance from Joy's heirs to the defendant, the plaintiff acquired not only the seizin, but an indefeasible title. As,.however, that was executed, since the commencement of the action, the plaintiff is entitled to nominal damages, and to nothing more, if he has not been disturbed in his possession ; and judgment may be rendered for him therefor on the default, which has been entered. But if the actual seizin of Whitney and Whitten is intended to be contested, or the plaintiff would show that he had been dispossessed, before his title by estoppel attached, the default must be taken off, and the action stand for trial.