## Green *et al.*, Adm'rs, *versus* Brennesholtz.

1. A warrant and survey were in the name of McNair; after his death, a patent was made to the plaintiff reciting that the land had been conveyed to him by the executor of McNair; there being no evidence of authority in the executor to sell, the recital was not evidence of plaintiff's title against one in possession.

2. Plaintiff having a patent sued in trover under Act of March 29th 1824, for timber cut from the land before the date of the patent, not showing that he then had the title of the warrantee. *Held,* that he could not recover.

3. The defendant's liability was fixed to the owner at the time of the conversion.

4. Gingrich *v.* Foltz, 7 Harris 38; Penrose *v.* Griffith, 4 Binney 231, followed.

[Green *v.* Brennesholtz.]

March — 1873.   Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ.  WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Warren county :* No. 364, to January Term 1872.

This was an action of trover under the Act of March 20th 1824, sect. 3 (8 Smith's Laws 283, 2 Br. Purd. 1397, pl. 2), for timber-trees cut, brought January 28th 1869, by Peter Brennesholtz against Luther Green and others, administrators, &c., of Luther Green, deceased.

The trees had been cut by the defendants' intestate, in the winter of 1867–1868, from lands claimed by the plaintiff.   The land was unimproved and the plaintiff was not in actual possession.

He gave in evidence warrant dated October 8th 1840, to Andrew McNair and Robert McNair for 357 acres, and survey for 331 acres and 17 perches May 25th 1841; patent September 8th 1868, to plaintiff for 114 acres.

The patent contained the following recital : " Which said tract was surveyed in pursuance of a warrant dated October 8th 1840, granted to the said Andrew and Robert ·M. McNair, and whereas Robert M. McNair, executor of the said Robert McNair, deceased, who inherited the estate of the said A. McNair, conveyed said part of the tract, by a certain conveyance dated 4th March 1867, to the said Peter Brennesholtz."

On the 14th of March 1833, Andrew and Robert McNair gave a power of attorney to Charles McNair, which was recorded, authorizing him to sell and convey certain lands mentioned in it. On the 2d of July 1845, Andrew and Robert McNair by their attorney Charles McNair, contracted in writing to sell to Joseph Green 245 acres 119 perches, and had received payments to the amount of $348.20.   The description was by a survey made by James Hilands, which was lost.   The question whether the land on which the timber had been was included in the contract, was submitted to the jury.

The defendants' points were :—

2. The plaintiff having shown the title to have been in Robert and Andrew McNair in 1840, he cannot recover unless he shows their title to be vested in himself prior to the time the timber was taken from the premises, and the recital in the patent that Robert W. McNair, executor of Robert McNair, deceased, conveyed the land from which the timber was taken to the plaintiff is no evidence that the title of Robert and Andrew is vested in the plaintiff.

4. There is no evidence that the title of Andrew McNair was vested in the plaintiff prior to the taking of the timber in the declaration mentioned, and the plaintiff is not such owner of the land as enables him to recover under said Act of 29th March 1824.

The court (Johnson, P. J.) after stating plaintiff's title said : * *

[Green v. Brennesholtz.]

"These recitals are primâ facie evidence of the facts therein stated as against the Commonwealth, and all claiming title under grant therefrom subsequent to the date of the patent in which they are contained. They are also sufficient evidence of the facts stated as against a naked trespasser on the land, a mere intruder without title, but not against one claiming title either from the Commonwealth, or from the equitable owner anterior in date to that of the plaintiff's patent. As against a party holding a paramount title they are not evidence of anything. But if good at all they are good for all they contain, good as evidence of the date as of the fact of transfer of title. If the defendants have shown no title in themselves or in Joseph Green, the plaintiff is entitled to the benefit of the recitals, and to be treated as owning the land by the title as conveyed and recited in the patent. This brings us to the real question, and the only one of disputed fact in the case, and that is whether the defendants have shown any title whatever in Joseph Green." * * *

To defendants' second point the court answered:—

"If you believe the defendants have shown no title to the lands in question, then the plaintiff has shown sufficient title to enable him to recover, and the recitals in the patent are primâ facie evidence of the facts stated against a mere intruder."

To the defendants' fourth point the court said: "We have already given an answer."

The verdict was for the plaintiff for $197.20.

On the removal of the record to the Supreme Court the defendants assigned for error the answers to their third and fourth points, and the charge of the court.

Brown & Stone, for plaintiffs in error.—Recitals in a patent are not evidence against one holding by right prior to its date: Penrose v. Griffith, 4 Binney 221; Gingrich v. Foltz, 7 Harris 40; Read v. Thompson, 5 Barr 329; Bell v. Wetherill, 2 S. & R. 350.

Dinsmore & Reeves, for defendant in error. — Recitals in a patent are evidence against a defendant who shows no title but possession: Whitmire v. Napier, 4 S. & R. 290; Downing v. Gallagher, 2 Id. 456; Steiner v. Coxe, 4 Barr 13; Gingrich v. Foltz, 7 Harris 40.

The opinion of the court was delivered, May 17th 1873, by

SHARSWOOD, J.—Admitting the application to this case of the rule that the recitals of title in a patent are primâ facie evidence, not only against one claiming by subsequent grant from the Commonwealth, but also against one who relies on possession alone, and shows no title, the learned judge was not warranted by the recital itself in the position that at the time of the alleged con-

[Green *v.* Brennesholtz.]

version the plaintiff below was the owner of the land. In his answer to the second point of the defendants he referred to his general charge, and in that he had instructed the jury that the patent recited substantially, *inter alia,* that Robert McNair was dead, and Robert M. McNair was his executor, with power to sell, but there was not a word in the recital about any power to sell. It recites merely a conveyance by Robert M. McNair, executor of Robert McNair, deceased. It requires no authority to show that an executor has no authority as such to convey land. He must have power by the will, or by an order of the Orphans' Court. Such a power surely is not to be inferred by the mere fact of a conveyance by the executor. There was error therefore in the answer that the plaintiff had shown sufficient title to enable him to recover.

But we are of opinion that the rule in regard to recitals in patents from the Commonwealth, as we have just stated, had no application in this case. It was an action of trover for timber trees, cut and taken off by the defendants' intestate, Joseph Green, from land which the plaintiff claimed to own. It was undoubtedly necessary that the plaintiff should show that he was the owner of the land at the time of the conversion, which was when the trees were cut and taken off in the winter of 1867–8: Act of 29th 1824, 8 Smith 283. That was prior to the date of the patent to plaintiff. The liability of the defendants' intestate was fixed at the time of the conversion to the then owner. If at that time the plaintiff had tried his action, he must have produced the title from the warrantees. The patent was not then in existence. If Joseph Green had then a right originating by warrant or settlement at that time, it is agreed that the recital in the subsequent patent would not be admissible in evidence against him to prove the warrant or its devolution to the patentees : Penrose *v.* Griffith, 4 Binn. 221; Gingrich *v.* Foltz, 7 Harris 40. If then a right arising prior to a patent cannot be affected by a recital in such patent, surely it is a logical consequence that neither can a liability. When the controversy relates either to a right or a liability, which are in their nature correlative, we must adjudge it by evidence then existing, not by evidence subsequently created; unless, indeed, it be the judgment of a competent court. Brennesholtz certainly could not subsequently make evidence for himself; neither were the officers of the land-office a competent tribunal to pronounce judgment upon his title, so as to affect the liability of Green to an action for trespasses prior in date to the patent. If the heirs or devisees of Robert McNair had brought an action, claiming to have been owners of the land at the time of the conversion, Green certainly could not have availed himself of the recital in the patent to show that their title had passed to Brennesholtz, neither ought Brennesholtz to be allowed to do so.

Judgment reversed, and a *venire facias de novo* awarded.