## Knowles *versus* Kennedy.

Where the grantor by deed of warranty had a title which, at the time of the conveyance, was defective, but afterwards acquired an indefeasible title, this title enured immediately to the grantee, and the latter could not elect to reject it and recover the consideration-money paid, in an action for breach of covenant of seisin, but was entitled only to compensation for whatever damages he had sustained.

October 17th 1876. Before AGNEW, C. J., SHARSWOOD, MER-CUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1875, No. 151.

This was an action of covenant, brought by D. C. Kennedy against Daniel Knowles, upon the covenants in the following deed:—

"This indenture, made this 15th day of March, in the year of our Lord one thousand eight hundred and seventy, between Daniel Knowles and Jane W. Knowles, of the county of Chautauqua, of the first part, and D. Clinton Kennedy, of the city of Corry, of the second part, witnesseth, that the said party of the first part, in consideration of the sum of $400 to them duly paid, have sold, and by these presents do grant and convey to the said party of the second part, his heirs and assigns, all that tract or parcel of land situated in the city of Corry, being Lot No. four (4) on the west side of Spring street, and being the same land sold by W. H. L. Smith and wife to Wm. A. Knowles, by deed bearing date on the 7th day of September 1863, with the appurtenances, and all the estate, title and interest therein of the said party of the first part.

"And the said Daniel Knowles does hereby covenant and agree to and with the said party of the second part, his heirs and assigns, that at the time of ensealing and delivery of these presents he is the lawful owner, and is well seised of the premises above conveyed, free and clear from all encumbrances; that the premises thus conveyed in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, he will for ever warrant and defend against any person whomsoever lawfully claiming the same, or any part thereof, by, through or under him, or one William A. Knowles, now deceased.

"In witness whereof, &c.

Signed,                              DANIEL KNOWLES,
                                     JANE W. KNOWLES."

[Knowles *v.* Kennedy.]

The deed was duly acknowledged and delivered.  Of the consideration $300 were paid down, the balance remaining unpaid.

The declaration averred, that the defendant covenanted that at the time of the ensealing of the deed he was seised in fee of the land and had the right and authority to sell and convey the same, and that plaintiff, by force of the deed, should lawfully possess and enjoy the same free of all encumbrance; but that the defendant, at the time of executing the deed, was not seised in fee simple of the land, and had no lawful authority to sell the same; that the plaintiff had been evicted from the said land by a title superior to the defendant's, and that the defendant had broken his covenants to the damage of the plaintiff of $1000.

The defendant pleaded *non est factum*, and covenants performed.

The facts, in brief, were these: William A. Knowles, mentioned in the foregoing covenants, was the son of the defendant, and married to the daughter of the plaintiff at the time of his decease.  He died intestate and without issue, but left his widow, a father, brother, sisters and a nephew.  Daniel Knowles, his father, after the son's decease, came to Corry to attend to matters connected with the administration of the son's estate, and while there the plaintiff, after some talk about his daughter's interest in her deceased husband's estate, proposed to buy the lot in controversy from the defendant. As there was some doubt about the estate defendant had therein, legal advice was sought and taken, and the result was the deed upon the covenants on which this suit is brought.  At the time the deed was delivered a bond for $1000 was also given by plaintiff to defendant to indemnify the latter against any claim the widow of William A. Knowles might make to the land.

It appears that afterwards certain proceedings were instituted by the widow under the Act of 27th of November 1865, Pamph. L. (1866) 1227, for the purpose of having the land set-off to her, and that her petition and the proceedings under it were filed in the Orphans' Court and confirmed before the commencement of this suit, but that none of the proceedings required by the act to vest an absolute title in her were taken.

The defendant afterwards brought suit on a note for $100 given by plaintiff for the balance of the purchase-money and was then notified by plaintiff that he would not pay the note; that the title to the lot was defective; that the heirs of William A. Knowles, deceased, were the brothers and sisters of said William A. Knowles; that plaintiff did not get a fee-simple title to the land by the deed from the defendant; offered to reconvey the land and demanded the return of the purchase-money paid and interest for which he brought this action.

The defendant then procured deeds from all the brothers and sisters of his son, William A. Knowles, the persons alleged by the plaintiff to be the heirs of said William A. Knowles, all of

[Knowles v. Kennedy.]

which were put of record and produced on the trial. It also further appeared that the possession of plaintiff in the land had never been disturbed nor interfered with in any way, nor had any one claimed the same by a title paramount.

What further is shown in the following proceedings will make the case intelligible.

The plaintiff's first point submitted to the court below was,

If the jury find from the evidence, that W. A. Knowles, the son of the defendant, owned the land described in the defendant's deed to D. C. Kennedy; that the said W. A. Knowles died about 1869; and that the only title the defendant acquired was by the death of his son (who died without children); that he had not a fee simple estate, and had not a title such as the deed proposes to convey; that the covenant was broken as soon as made, the plaintiff has a right to recover back the consideration paid and interest on the same in this suit.

His fifth point was,

That a purchase by the defendant of the outstanding title, after the commencement of this suit, cannot defeat the action, but the plaintiff is entitled to recover, just as though the defendant had never purchased the outstanding title offered in evidence by the defendants.

Both of which points the court substantially affirmed in the general charge, except as to power to rescind the contract, and this action of the court constituted the fifth and sixth assignments of error respectively.

The defendant, among others, submitted the following point, which is given with the answer of the court:—

6. That it appearing in evidence that the defendant has, since the bringing of the action, obtained the title of all the heirs of W. A. Knowles, such title vested at once in the plaintiff, by act and operation of law, and plaintiff can recover no more than nominal damages.

Refused with a reference to general charge. This was the eighth assignment of error.

The court, inter alia, charged as follows, the portions in brackets constituting, in the order in which they are marked, the second, third and fourth assignments of error. "The plaintiff now contends that by the tender to the defendant of a reconveyance of the land, before defendant had perfected his title to it, and before suit brought, he rescinded the contract, and had a right to bring suit to recover the purchase-money paid by him, with interest.

"The defendant, on the other hand, contends that this being an executed agreement, the plaintiff has no power, by his own motion, to rescind the contract, and that having taken possession of the land, he can only recover the damages he has actually sustained by reason of the want of title in the defendant, such damages in no case to exceed the amount of purchase-money paid and interest. The

plaintiff concedes that he can, in any event, recover no more than the purchase-money paid and interest.

"When a contract for the sale of land has not been consummated by deed, the vendee may rescind the contract at any time, even for a partial failure of title, and sue to recover the money paid on the contract; for the law will not compel a party to accept a title different from that contracted for, and if the vendor cannot give him the title that was contracted to be given, the law will on demand give the vendee back what he had paid.

"The law is different in the case of an executed contract.   In such a case the vendee has accepted his deed and after that he must resort to the covenants contained therein, for his redress in case of failure of title, without fraud on the part of the vendor.   In such a case he cannot rescind the contract, but must sue for damages for the breach, and he is entitled to recover the amount of damages actually sustained, not exceeding the amount of purchase-money paid and interest.   If the failure of title be total, he can recover all he has paid with interest; if partial, he can recover in proportion to the failure.   If he has himself relieved the title of its encumbrance, he can recover to the extent of the price paid to remove the encumbrance, if it does not exceed the amount of the purchase-money and interest.   In this case the title which the vendor, Knowles, covenanted to convey and assure to the plaintiff, was that of the heirs of William A. Knowles, for by the bond given at the same time by Kennedy, he agreed, substantially, that he would take upon himself the risk of any claim then or thereafter to be made by the widow of William A. Knowles.  [The title which the defendant agreed by his deed to convey to plaintiff, had utterly failed when this suit was brought, and at that time the plaintiff undoubtedly had a right to demand a return of what he had paid and interest.] But the defendant contends that plaintiff ought not to recover now, because he has now perfected his title to the land, and is able to give, and in law has given him all the title he covenanted to give. We are not as clear on this point as we would like to be, [but decide that the defendant cannot set up the title acquired by him since this suit was commenced, as a defence to the plaintiff's demand in this case, nor can the defendant restrict the plaintiff's recovery to what the defendant paid for the outstanding titles to the land.]   It therefore follows that we are of the opinion [that the plaintiff is entitled to recover in this case, for the $300 paid by him, with interest thereon, from the time of the demand for the return of the purchase-money, by the plaintiff.]   The foregoing charge answers the plaintiff's points, substantially, in the affirmative, except as to power to rescind contract."

The verdict was for the plaintiff for $358.50 and judgment was entered thereon.

The defendant took this writ and assigned for error, inter alia,

[Knowles *v.* Kennedy.]

the affirmance of plaintiff's points, the refusal of the foregoing points of defendant and the portions of the charge in brackets.

*S. E. & T. S. Woodruff*, for plaintiff in error.—It is sufficient that the title be good at the trial without regard to its condition when suit commenced: Creigh *v.* Shatto, 9 W. & S. 83. Equity intervenes and allows the covenantor to perform on making compensation for his negligence: Haverstick *v.* Erie Gas Co., 5 Casey 254; damages must be merely compensation for the injury sustained: Withers *v.* Atkinson, 1 Watts 248; Findlay *v.* Keim, 12 P. F. Smith 116; Terry's Executor *v.* Drabenstadt, 18 Id. 400.

It is only where there has been an eviction from the whole premises that the consideration named in the deed is the measure of damages: Cox's Administrators *v.* Henry, 8 Casey 19.

The covenant of warranty is never broken without an eviction: Paul *v.* Witman, 3 W. & S. 407. Defendant covenants that he is well seised of the premises free and clear of encumbrances. Such seisin may well be asserted by the tenant for life: Marston *v.* Hobbs, 2 Mass. 439; Bearce *v.* Jackson, 4 Id. 408; Breck *v.* Young, 11 N. H. 489; Kirkendall *v.* Mitchell, 3 McLean 145; Griffin *v.* Fairbrother, 1 Fairf. 95; Baxter *v.* Bradbury, 20 Maine 260; Backus *v.* McCoy, 3 Ohio 211.

*Benson & Brainerd*, for defendant in error.—Plaintiff below had the right to abandon the lot when he discovered defendant had no title. Actual eviction or eviction by suit at law is not necessary to warrant a recovery on breach of contract for seisin: Rawle on Cov., 3d ed. 245; Clarke *v.* McAnulty, 3 S. & R. 364; Greenvault *v.* Davis, 4 Hill 643; Foster *v.* Pierson, 4 T. R. 617; Ludwell *v.* Newman, 6 Id. 458; Hodgson *v.* The E. I. Com., 8 Id. 278. Plaintiff was not bound to accept title acquired after suit brought: Blanchard *v.* Ellis, 1 Gray 195; Tucker *v.* Clarke, 2 Sandford Ch. R. 96. The covenant was broken the moment the deed was delivered, it being for seisin: Cathcart *v.* Bowman, 5 Barr 317; Rawle on Cov., 3d ed. 74. Plaintiff had a right to recover purchase-money and interest: Staats *v.* Ten Eyck, 3 Caines 111; Bender *v.* Fromberger, 4 Dallas 436; Pitcher *v.* Livingston, 4 Johns. 1; Bennett *v.* Jenkins, 13 Id. 50; Caulkins *v.* Harris, 9 Id. 324.

Mr. Justice MERCUR delivered the opinion of the court, January 2d 1877.

This was an action of covenant. It was brought by the vendee against the vendor on the covenants in a deed conveying land. The vendor covenanted "that at the time of the ensealing and delivery of these presents, he is the lawful owner, and is well seised of the premises above conveyed, free and clear of all encumbrances; that the premises thus conveyed, in the quiet and peaceable posses-

1 NORRIS—29

[Knowles *v.* Kennedy.]

sion of the said party of the second part, his heirs and assigns; that he will for ever warrant and defend against any person whomsoever lawfully claiming the same or any part thereof, by, through or under him, or one William A. Knowles, now deceased."

The facts necessary to an understanding of the case are these. William A. Knowles died, seised of the land, intestate, leaving a widow, father, brother, sisters and nephew (the child of a deceased sister), but no issue. The plaintiff in error is the father. He therefore took a life-estate in the land subject to the widow's statutory right. At the time of the delivery of the deed to the vendee he gave to the vendor a bond indemnifying the latter against all claim then or thereafter to be made by the widow of said William A. Knowles for or on account of the lands. The vendee thus substantially took on himself the risk of all claim the widow might assert, and now makes no complaint arising therefrom. The vendee went into possession of the land under the deed. His possession has not been interfered with by the vendee or by any one claiming by title paramount. Subsequent to the conveyance and before the commencement of this suit, the widow of William A. Knowles, by application to the Orphans' Court of Erie county, elected to have three hundred dollars' worth of property set off to her out of said lands. The appraisers appointed for that purpose reported that the land was of greater value than $300, and that it could not be divided without injury to or spoiling the whole, which was confirmed by the court; but no further action appears to have been taken therein.

Before commencing this suit the defendant in error offered to reconvey the land to the vendor, and demanded a return of the purchase-money paid. After suit brought and before trial the plaintiff in error procured deeds of conveyance from all the holders of the outstanding title to the land, except the widow, and caused them to be duly recorded. This after-acquired title enured to the benefit of the defendant in error, thus perfecting his title: Wolf *v.* Goddard, 9 Watts 547; Baxter *v.* Bradbury, 20 Maine 260.

The court below held, the language used created a covenant on the part of the vendor that he was seised of an estate in fee simple, and the vendee was entitled to recover the purchase-money he had paid, with interest thereon from the time he had demanded its return. All the assignments of error except the 1st, 9th and 10th are predicated on this ruling and may be considered together.

There is no averment in the deed, that the vendor was seised of an estate in fee; nor is it averred that he was seised of an indefeasible estate. Even the usual words "grant, bargain, sell," are wholly omitted, and "grant and convey" are substituted. The covenant of warranty is special. It is to defend against persons lawfully claiming under the vendor or under William A. Knowles, deceased.

[Knowles v. Kennedy.]

In fact the vendor was the lawful owner of a freehold estate in the land conveyed, and was well seised of the same. The vendee did not become liable to account to any one for the rents, issues and profits of the land during his occupancy thereof. He was not evicted by any adverse proceedings. His enjoyment of the premises during the life of the vendor was secure. No one claiming under the vendor or under William A. Knowles had disturbed the vendee in his possession. The vendor by his covenant of special warranty was bound to protect the vendee against the outstanding title of the heirs of William A. Knowles. He did this by a purchase of their title. It was held in Baxter v. Bradbury, *supra*, that if the grantor by deed of warranty had nothing in the estate at the time of the conveyance, but acquired a title afterwards, this title enures to the grantee immediately by way of estoppel, and he . cannot elect to reject the title and recover the consideration-money paid in an action for breach of the covenant of seisin ; but is entitled to merely nominal damages where no interruption of the possession has taken place, and to the damages actually sustained when there has been. In Haverstick v. The Erie Gas Co., 5 Casey 254, it is said in strict law whenever a covenant is broken, the plaintiff is entitled to recover full damages for its breach; but equity intervenes and allows the covenantor to perform on making compensation for his negligence.

The declaration in this case avers, that in consideration of $400, the plaintiff in error sold the land. to the defendant in error, and covenanted he was seised in fee of the same, &c., and charges that he was not so seised. It also avers the payment of $300 of the purchase-money, and claims the plaintiff therein is damaged to the amount of $1000. The claim is not to recover the money paid, but damages more than threefold. It is not in rescission of the contract, but in affirmance thereof, and damages for its breach.

It is true the purchase by the plaintiff in error, of the outstanding title, after suit brought, could not defeat the right of action ; yet it does affect the measure of damages. The title which the vendor had conveyed had not wholly failed. The failure was partial only. Compensation is the usual measure of damages. We discover nothing in the evidence in this case to take it out of that general rule. The covenant appears to have been made in. entire good faith.

The defendant in error was entitled to recover nominal damages at all events and such further damages as the evidence shows him to have sustained. The assignments are therefore substantially sustained.

We see no merit in the first and tenth assignments, and no evidence of such knowledge in the defendant in error as to justify the affirmance of the point covered by the ninth assignment.

Judgment reversed, and a *venire facias de novo* awarded.