## W. I. BACHOP v. STEPHEN CRITCHLOW.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF WARREN COUNTY.

Argued May 5, 1891—Decided May 25, 1891.
[To be reported.]

1. In an action of ejectment, brought to recover the whole of a specified tract of land, a recovery may be had for an undivided part thereof, if the plaintiff's proofs, failing to establish a title in him to the whole of the land sought to be recovered, show that he is invested with title to an undivided interest therein.

2. Although a patentee is regarded as a trustee for the rightful owner, the patent is prima facie evidence of title, especially against one who relies on possession alone, and whose rights, if any, accrued after its date; and recitals in a patent are evidence against all persons claiming under it, or by title arising or originating subsequent to it.

3. A patent was issued to C. H. Owens "for himself and in trust for" others named, "heirs of Mary Owens, deceased, and F. O. Crocker;" habendum to "C. H. Owens" and others, "heirs of Mary Owens, deceased, and F. O. Crocker," etc. Upon the face of the patent, Crocker was prima facie entitled to the undivided half of the land, and the persons named as heirs of Mary Owens to the other half.

Statement of Facts.

4. The plaintiff, showing a regular chain of title from Crocker to himself, commencing with a conveyance, with covenant of general warranty, made by Crocker prior to the date of the patent, was entitled to recover the undivided one half of the land, the defendant showing no title, the patent enuring to the benefit of Crocker's vendee, through the warranty.

5. A treasurer's sale of land for taxes will pass no title unless there be some element of identification in the tax assessment itself, leading to a knowledge of the land assessed; a description, or some circumstance, number or adjoiner, associated or connected with it, or a name connected at some time with a title thereto, good or bad.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 295 January Term 1891, Sup. Ct.: court below, No. 33 September Term 1889, C. P.

On August 6, 1889, W. I. Bachop brought ejectment against Stephen Critchlow, for a tract of land in Conewango township, containing 83 acres. The defendant pleaded not guilty.

At the trial, on December 12, 1890, the plaintiff, after showing the defendant's possession by the sheriff's return to the writ of summons, put in evidence a patent from the commonwealth, dated August 31, 1870, for a tract of 197 acres, 42 perches, and allowance, shown to include the land in dispute. The patent recited that the land thereby granted was surveyed in pursuance of a warrant dated January 28, 1836, granted to Mary Owens, in trust for the heirs and legal representatives of Eben Owens, deceased; that the title to the same had since become vested in C. H. Owens, for himself and in trust for others named; and, in consideration of moneys recited to have been paid by Mary Owens, at the time of the granting of the warrant, and of other moneys paid by C. H. Owens for himself and in trust for other owners, at the date of the patent, granted to C. H. Owens, for himself and in trust for thirteen other persons named, heirs of Mary Owens, and F. O. Crocker, the land so surveyed; habendum: " unto the said C. H. Owens (and the aforesaid thirteen others), heirs of Mary Owens, and F. O. Crocker, and their heirs, . . . . . agreeably to their respective rights and interests."

The plaintiff then presented testimony and record evidence, in substance to the following effect:

---

* See Fisk v. Corey, 141 Pa. 334.

Eben Owens and Mary Owens, his wife, both died on the land described in the patent. Heman Owens was their son, but whether they had any other children did not appear. Heman Owens lived upon the same land until his death. He left two children, C. H. Owens and John J. Owens. On March 8, 1859, the interest of John J. Owens, in said land, was sold at sheriff's sale to Lewis Arnett, to whom a sheriff's deed therefor was afterwards made. Arnett and wife by deed dated November 10, 1860, conveyed the same land to Eliza Crocker, the wife of F. O. Crocker. By deed dated June 28, 1865, containing a covenant of general warranty, F. O. Crocker and Eliza, his wife, conveyed the 83 acres in dispute to A. O. Vanlennep, whose title, by a regular chain of conveyances, became vested in the plaintiff in 1885. John J. Owens was not among the cestuis que trust mentioned in the patent to C. H. Owens. There was some evidence that after the sheriff's sale of the interest of John J. Owens to Arnett, and Arnett's conveyance to Mrs. Crocker, to wit, about 1863, the occupancy of the land in dispute was separate from that of the remainder of the original tract, and that it was separately occupied in 1870, at the date of the patent, the inference from the testimony on this subject, being that F. O. Crocker was in possession of the disputed land in and subsequent to 1863. There was no evidence that such severance of possession was accompanied by a partition or other severance of title.

The defendant put in evidence records showing an assessment, as unseated for the year 1877, of 20 acres of land in Conewango township in the name of S. Critchlow; a sale for taxes under said assessment on June 25, 1878, and a treasurer's deed to the defendant in pursuance of such sale. There was no description of the land in the assessment, the treasurer's sales list, or the deed. The defendant put in evidence, also, records showing assessments for the years 1880 and 1881 of 50 acres of land in said township, without description, except as follows: "Owner unknown; Owens tract, 50 acres;" a sale on June 12, 1882, for the taxes due on said assessments, by the treasurer to F. O. Crocker and the defendant; and a treasurer's deed to said purchasers dated the same day. Upon the latter deed was indorsed an assignment made by F. O. Crocker and wife, dated July 31, 1884; to whom, the notes of trial did

Charge of Court below.

not show. The defendant then presented parol testimony to identify the lands intended to be designated by the assessments aforesaid, and to show that they were parts of the tract in dispute.

The testimony being closed, the court, BROWN, P. J., charged the jury in part as follows:

The plaintiff requests the court to charge

1. Under the whole evidence in this case, on the part of the plaintiff, he is entitled to recover for the land described in the writ, unless the defendant has shown some title sufficient to defeat such recovery.

Answer: Answered in the negative; but, in connection with it, we say that we are of the opinion that the defendant has no title upon which he could recover, under the evidence.[1]

2. The deed of F. O. Crocker and Eliza Crocker, of June 28, 1865, to A. O. Vanlennep, containing covenants of general warranty, operates to convey to said A. O. Vanlennep, and his vendees in the line of title, any title which the plaintiff has shown to have become vested in said F. O. Crocker or Eliza Crocker.

Answer: Affirmed, but we fail to find any evidence of title in F. O. Crocker or Eliza Crocker.[2]

3. There is no sufficient evidence in the case to identify the twenty acres assessed in the name "S. Critchlow, 20 acres," with the land or any part thereof described in the plaintiff's writ, so as to pass the title or any part thereof to Stephen Critchlow, under the treasurer's deed to him.

Answer: Affirmed.

4. There is no sufficient evidence in the case to identify the land assessed as "Owner unknown, Owens tract, 50 acres," as any part of the land described in the plaintiff's writ, so as to pass title thereto to F. O. Crocker and S. Critchlow, under the treasurer's deed to them.

Answer: Affirmed.

6. Under the whole evidence in the case, the plaintiff is entitled to recover.

Answer: This point is answered in the negative; and we say that under the whole evidence we are of the opinion that the plaintiff is not entitled to recover.[4]

Charge of Court below.

7. If the court should decline to affirm the preceding sixth point, then the court is further requested to charge the jury that under the whole evidence in the case, the plaintiff is entitled to recover the undivided one half of the land described in plaintiff's writ.

Answer: This point is answered in the negative.[6]

This is an ejectment, in which the plaintiff seeks to recover a piece of land in Conewango township. The land is part of a large tract known as the Owens tract. To establish the title, the plaintiff gives in evidence a patent from the commonwealth, containing 197 acres and 42 perches and allowance. The plaintiff gives evidence that the piece for which the suit is brought is part of the land described in the patent. The patent was issued to C. H. Owens, and it appears that C. H. Owens is the same person known as Chandler Owens, and whose testimony has been given.

The patent recites in substance that it was issued in pursuance of a warrant and survey granted to Mary Owens, in trust for the heirs and legal representatives of Eben Owens. It recites the date of the warrant as of January, 1836. It is in evidence that Eben Owens is dead. It is in evidence that Heman Owens was his son, and that Heman is dead; and that C. H. Owens and John J. Owens are sons of Heman. This would leave the title to the whole of the Owens tract in Chandler Owens and John J. Owens, provided Eben Owens had no other heirs.

The plaintiff, in his abstract, states that he will give evidence of a partition between Chandler and John J. Owens, by which John J. took the south side of the Owens tract, including the land in suit, but no such evidence has been given. The plaintiff shows a judgment against John J. Owens, entered in 1858, an execution upon the judgment, and a sale to Lewis Arnett of the land in suit, and a chain of conveyances from Arnett to the plaintiff.

[Failing to show any partition between Chandler and John J. Owens, I am of the opinion, and so instruct the jury, that the plaintiff is not, under the title as shown by the patent, entitled to recover the whole of the land claimed. But he asks us, in case we so rule, to say that he is entitled to recover the undivided half of it. This we would be disposed to say, if it

appeared that Heman Owens was the only heir of Eben Owens; but whether he was or not does not appear. And the plaintiff, claiming and filing an abstract for the whole of the land in suit, ought not to recover the undivided half without affirmative evidence that Heman Owens was the only heir of Eben Owens. For all that appears, Eben Owens may have had many other heirs; and if so, the patent is in trust for them, as well as for Chandler and John J. Owens, the sons of Heman. We think the burden of proof is on the plaintiff, who claims an undivided interest in land, to show the extent of such interest. The patent does recite that it is to C. H. Owens, in trust for himself and some thirteen or fourteen other persons named, and among them F. O. Crocker. But there is no evidence that any of the persons, other than C. H. Owens, were the heirs of Eben Owens, in whose behalf alone the entire purchase money due the commonwealth was paid. And even if we should assume that they were all the heirs of Eben Owens, the plaintiff would only be entitled to recover the undivided one fourteenth or fifteenth part of the land in suit. We are not able to see any ground on which the plaintiff can recover, under the deed from Crocker and his wife to Vanlennep, and the subsequent conveyances to himself. It does not appear that the Crocker claim was in any way connected with the rights of John J. Owens, or that either Crocker or his wife were the heirs of Eben Owens.] [3]

These are the views that we have of the case.

—The jury returned a verdict for the defendant. A rule for a new trial having been discharged and judgment entered, the plaintiff took this appeal, assigning for error:

1, 2. The answer to plaintiff's points.[1] [2]

3. The part of the charge embraced in [   ] [3]

4–6. The answers to plaintiff's points.[4 to 6]

*Mr. D. I. Ball* (with him *Mr. C. C. Thompson*), for the appellant:

1. Recitals in patents are evidence against any person claiming title to land through the patent, or a title arising subsequent thereto: Gingrich v. Foltz, 19 Pa. 38; Read v. Thompson, 5 Pa. 329; Eichelberger v. Jameson, 2 P. & W. 399; Hull v. Campbell, 56 Pa. 154; Green v. Brennesholtz, 73 Pa. 423;

Patten v. Scott, 118 Pa. 127.  It was unnecessary to show any conveyance from C. H. Owens to F. O. Crocker, as the cestui que trust can bring an ejectment in his own name: Kennedy v. Fury, 1 Dall. 72; Presb. Congregation v. Johnston, 1 W. & S. 9; Kensinger v. Smith, 94 Pa. 387.  And the title granted by the patent would enure to the benefit of Crocker's vendees: Knowles v. Kennedy, 82 Pa. 445; Wolf v. Goddard, 9 W. 547; Logan v. Neill, 128 Pa. 457.  We therefore had a clear right to recover.

2. But, without any aid from the F. O. Crocker title, we had a right under the John J. Owens claim of title, to recover the one half, if not the whole of the premises in controversy, having shown that Eben Owens and his son, Heman Owens, both died in possession of the land, and that the latter had two sons, the interest of one of whom, John J. Owens, became vested in Eliza Crocker.  We did not deem it necessary upon the trial to enter fully into the subject of the parol partition, by which the land in controversy was set apart in severalty, in lieu of the undivided interest of John J. Owens, and thus became the property of the Crockers, but we think there is sufficient evidence on the subject to meet the objection raised by the court below.

*Mr. William E. Rice* (with him *Mr. R. Brown* and *Mr W. D. Hinckley*), for the appellee:

1. We concede the legal positions advanced by the appellant's counsel, but they have no application to the facts of this case.  The patent offered in evidence was not made to John J. Owens or to anybody for him.  He was not named therein as one of the persons for whom C. H. Owens was to hold the land.  The patent showed no title in John J. Owens and therefore the sheriff's deed and the chain of conveyances by which the sheriff's title was transferred to the plaintiff, did not entitle the plaintiff to recover, no title in John J. Owens having been shown.

2. But the plaintiff claims to be entitled to recover because F. O. Crocker was named in the patent as a cestui que trust, alleging that his interest was a separate interest from that of the other persons named and was the land in controversy. There was no proper or sufficient evidence of any partition,

making such a severance of title, and the court below was right in saying that there was no evidence of title to the land in controversy in F. O. Crocker, and hence no title in the plaintiff.

OPINION, MR. JUSTICE CLARK:

This ejectment was brought by W. J. Bachop, to recover eighty-three acres of land in Conewango township, Warren county, in the possession of Stephen Critchlow. The land in dispute is part of a larger tract, surveyed in pursuance of a warrant dated January 28, 1836, to Mary Owens, in trust for the heirs and legal representatives of Eben Owens, deceased, who, it is alleged, in his lifetime settled upon and improved the land, and died in the possession thereof. It appears that Eben Owens left to survive him a son, Heman Owens,—whether he had other children does not appear,—and that Heman Owens afterwards died in possession of the land, leaving two sons, C. H. Owens and John J. Owens.

On August 31, 1870, a patent from the commonwealth issued upon the above-recited warrant and survey to C. H. Owens, "for himself and in trust for Medora J. Mead, C. F. Reese," and others, "heirs of Mary Owens, decd., and F. O. Crocker." The patent specifically refers to the warrant and survey of 1836, acknowledges payment of the purchase money by Mary Owens, trustee for the heirs of Eben Owens, deceased, and from recitals it appears that the title to the lands embraced therein had "since become vested in the said C. H. Owens, for himself and in trust as aforesaid." The habendum is as follows : "To have and to hold the said tract or parcel of land with the appurtenances, unto the said C. H. Owens, Medora J. Mead, C. F. Reese," and others, "heirs of Mary Owens, deceased, and F. O. Crocker, their heirs, to the use of them, the said C. H. Owens, for himself and in trust for the other owners, their heirs and assigns forever, agreeably to their respective interests."

Although a patentee is regarded as a trustee for the rightful owner: Hoffman v. Bell, 61 Pa. 444, a patent is prima facie evidence of title ; especially against one who relies on possession alone, who shows no title, and whose rights, if any, accrued after the date of the patent: Olewine v. Messmore, 128 Pa. 481, and cases there cited. It is equally well settled

that the recitals of a patent are evidence against all persons claiming under it, or by title arising or originating subsequent to it: Read v. Thompson, 5 Pa. 329; Star v. Bradford, 2 P. & W. 384; Green v. Brennesholtz, 73 Pa. 426; Patten v. Scott, 118 Pa. 127.

The recitals of this patent are to the effect that at the time of its date the title to the land embraced in it became vested in C. H. Owens and certain other persons named who were heirs at law of Mary Owens, deceased, and F. O. Crocker. It is not shown what F. O. Crocker's interest was; there is some evidence that his part was separate from the other, but there is no evidence of a partition, or of his ownership in severalty of any particular portion of the land. Upon the face of the patent, his right, prima facie, would seem to extend to the one undivided half, the persons named as the heirs at law of Mary Owens, deceased, being entitled to the other half. The defendant showed no title whatever. His treasurers' deeds were not shown to cover the premises in dispute; the name of S. Critchlow had in no way been connected with a title to the land, good or bad. There must be some element of identity in the assessment itself, leading to a knowledge of the land assessed, —a description of the land, or some circumstance, number, or adjoiner, associated or connected with it, or a name connected at some time with a title to the land, good or bad: Philadelphia v. Miller, 49 Pa. 440; Lyman v. Philadelphia, 56 Pa. 488. See, also, the very recent case of Fisk v. Corey, 141 Pa. 334, where the authorities are collected, and the subject more fully discussed. The assessment of the land in the name of S. Critchlow failed utterly in proof of identification; in other words, there is no evidence that the land in question was sold for taxes, or was conveyed by the treasurer's deeds offered.

The prima-facie right or title disclosed by the patent is not rebutted, nor is it restricted or enlarged or otherwise affected by the proofs. The testimony, as we have said, shows that Eben Owens left to survive him one son, Heman Owens, and there is no evidence that he had any other children: Heman Owens died leaving two children, C. H. Owens and John J. Owens, who, if the matter rested here, would be the heirs at law and entitled to the land in dispute. But John J. Owens is not named in the patent. His interest, if he had any, was sold at

sheriff's sale in 1859, and was purchased by one Arnett, who in 1860 conveyed the same to Eliza Crocker, wife of F. O. Crocker. It is a matter of little consequence whether Mrs. Crocker held in her own right or for the benefit of her husband, as the patent might seem to indicate; for, in 1865 they joined in a deed, with covenants of general warranty, to Vanlennep, whose title by a connected and regular course of conveyance the plaintiff now holds. These proofs may perhaps furnish a suggestion why F. O. Crocker is, and John J. Owens is not named in the patent. But it was not necessary at the outset to go back of the patent to explain or justify its recitals as against a person who has exhibited no title whatever. These recitals were evidence, and were sufficient, prima facie, to justify a recovery for one undivided half of the land, for the title in Crocker under the patent, through the covenants of warranty of title, would enure to the benefit of Crocker's vendee: Wolf v. Goddard, 9 W. 547; Knowles v. Kennedy, 82 Pa. 445; Logan v. Neill, 128 Pa. 457.

We think the court erred in giving peremptory instructions to find for the defendant. Although the plaintiff showed no right to recover the whole, according to the claim in his abstract of title, we are of opinion he had shown enough to justify the jury in finding in his favor for the undivided half.

> The judgment is reversed, and a venire facias de novo awarded.