# Rowe *versus* Ream.

1. The actual, visible possession of land is constructive notice to purchasers or mortgagees of the occupant's title, unless he has put on record a title inconsistent with his possession.

2. A purchaser, or mortgagee, of land which is in the possession of an' occupant, other than the holder or grantor of the recorded title, is bound to inquire of the occupant as to the title under which he is in possession. A mortgagee who omits to make such inquiry is affected with constructive notice of an existing resulting trust in favor of the person in possession.

March 5, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas of *Berks county:* Of January Term, 1884, No. 31.

This was an action of scire facias sur mortgage, by Abiram Ream, plaintiff, against Henry Bennethum, defendant, with notice to Henry Spiece, terre tenant, and Rebecca Rowe, tenant in possession. Rebecca Rowe alone made defence.

On the trial, before SASSAMAN, J., title to the premises in question was admitted to have been in Andrew Davis on May 21, 1870. The plaintiff put in evidence a deed of that date from Andrew Davis and wife to Henry Bennethum, in fee simple, and the mortgage in suit given by Bennethum to the plaintiff, dated July 29, 1876, duly recorded.

The defendant, Rebecca Rowe, made the following offers of evidence:

That on May 12, 1870, she furnished Henry Bennethum $300, for the purpose of purchasing a lot of ground for her; that on the 20th of the same month he purchased, for $300, from Andrew Davis, the lot described in the mortgage in suit, and took the deed in his own name; that a house was erected thereon for her, and upon its completion, in August, 1870, she took possession thereof and remained in possession, as owner of said premises, to the present time; that the plaintiff knew that she was in possession at the time said mortgage was given; and that the plaintiff and Henry Bennethum are related to each other and in close friendship—the foregoing being offered to show a resulting trust in favor of Rebecca Rowe, that the plaintiff knew of the existence of the same,

or had notice thereof by not making inquiry as to the rights of the occupier.

Offers objected to, as vague and irrelevant. Objection sustained; exception.

The court instructed the jury that there being no evidence that the plaintiff had any knowledge of the equity set up by Mrs. Rowe, he, as a bona fide mortgagee from the holder of the recorded title, was not affected by the secret trust, and that their verdict, therefore, should be for the plaintiff.

Verdict accordingly for the plaintiff, and judgment thereon. The defendant took this writ of error, assigning for error the rejection of her offers of evidence, and the direction of the court to the jury.

*W. H. Livingood,* for the plaintiff in error.—It is well established in Pennsylvania that actual possession of land is constructive notice to purchasers, mortgagees, or creditors, of the occupant's title, which would have been discovered by inquiry: Le Neve *v.* Le Neve, 2 Lead. Cas. Eq., 35; Sailor *v.* Hertzog, 4 Wh., 259; Jaques *v.* Weeks, 7 Watts, 261; Woods *v.* Farmere, 7 Watts, 384; Meehan *v.* Williams, 12 Wr., 241; McCulloch *v.* Cowher, 5 W. & S., 429; Krider *v.* Lafferty, 1 Wh., 303; Jamison *v.* Dimock, 14 Norris, 55; Hottenstein *v.* Lerch, 12 W. N. C., 4. The holder of an equity created by deed is in default in not recording his deed, but such is not the case where the equity has its origin in a verbal agreement, or by operation of law or equity, and is therefore insusceptible of being recorded: Hood *v.* Fahnestock, 1 Barr., 470.

*James N. Ermentrout* (*Daniel Ermentrout* with him), for the defendant in error.—The offers of evidence were defective in not stating that Bennethum took the deed in his own name without Mrs. Rowe's consent, or that she paid for the building erected on the lot, or that the mortgagee had actual notice of her equity. This is a case of a secret unrecorded trust, to which the authorities relied upon by plaintiff in error do not apply; the case is ruled by Scott *v.* Gallagher, 14 S. & R., 333, and Sweetzer *v.* Atterbury, 4 Out., 18. The possession of a cestui que trust is not constructive notice to a purchaser of the legal title from the trustee: Hood *v.* Fahnestock, 1 Barr., 470.

Mr. Justice Sterrett delivered the judgment of the court, March 17, 1884.

In passing on the question involved in the assignments of error, we must assume that the defendant below was prepared to prove all the material allegations contained in the offers of

evidence that were rejected by the court. If the proposed testimony was relevant, and would have tended to establish a defence to the scire facias, it should have been received. After the plaintiff had made a prima facie case by introducing the mortgage on which the writ issued, the defendant, Mrs. Rowe, proposed to prove, in substance, that in 1870 she bought and paid for the lot described in the mortgage, and during that year erected a house thereon, which she has ever since continuously occupied in her own right; that the lot was purchased, for her and with her money, by Henry Bennethum, the mortgagor, who acted as her agent in the transaction; but, instead of having the deed made to her as should have been done, he fraudulently procured a conveyance to himself: this, for the purpose of showing that she was the owner in fee of the mortgaged premises, and that the mortgagee took the security from Bennethum with at least constructive notice of her title.

It is very evident the testimony was relevant and, if believed by the jury, would have made out a complete defence; but the learned judge appears to have excluded it on the ground as stated by him, " that purchasers should not be affected by secret trusts, not appearing of record, unless they have positive, direct and express notice of the trust." In a certain class of cases, which may be regarded as exceptions to the general rule, the correctness of this proposition cannot be questioned, but it is clearly inapplicable to the state of facts which defendant below offered to prove. If, for example, the legal title had originally been in her and she had offered to prove that she had voluntarily conveyed the lot to Bennethum with a secret understanding between themselves that he should hold the title in trust for her, she would have had no right to show possession for the purpose of affecting the mortgagee with constructive notice of the trust. As is said in Scott v. Gallagher, 14 S. & R., 333–4, where there has been such previous conveyance by the person in possession, a subsequent purchaser is not bound " to call upon him to inquire whether he has a secret agreement with the owner of the legal title. If there be an agreement, it is the duty of the tenant in possession to spread it upon the records of the county, in order to prevent innocent purchasers from being deceived. A. sells a tract of land to B.; B. sells to C.; C. is not bound to call on A. to know whether there is not a secret agreement, adverse to the deed from A. to B., between them. He would be bound only by those agreements which are consistent with his deed, such as a retention of possession or payment of rent." That was a case of express trust, of which there was no record notice, and it represents a class of cases in which possession by the cestui que trust, without more, is insufficient to affect an

otherwise bona fide purchaser. But, the facts upon which plaintiff in error proposed to base her defence were entirely different. She offered to prove a trust resulting from her having paid the purchase money, and that Bennethum was a trustee ex maleficio, by reason of his having taken the conveyance to himself in fraud of her rights. She did not appear in the line of the title as a former owner who had conveyed her interest and hence it was the duty of the mortgagee to ascertain by what right she was in possession. Having neglected to make inquiry he was visited with constructive notice of such facts as would have come to his knowledge in the proper discharge of that duty. Presumably, he would have learned that Bennethum was a trustee ex maleficio, and had no right whatever to make the mortgage in question.

Equitable titles, resting in parol, are always more or less insecure, even when the beneficial owner is in actual and exclusive possession; and, the general principle undoubtedly is that such possession, when distinct and unequivocal, puts purchasers and mortgagees on inquiry, and thus visits them with notice of the occupant's title. Since Le Neve *v.* Le Neve, 2 Lead. Cas. Eq., 35, this principle has been recognized in many cases among which are the following: Billington's lessee *v.* Welsh, 5 Bin., 128–32; Sailor *v.* Hertzog, 4 Whart., 259; Woods *v.* Farmere, 7 Watts, 282–4; McCulloch *v.* Cowher, 5 W. & S., 427–9; Patton *v.* Hollidaysburg, 4 Wright 206; Meehan *v.* Williams, 12 Id., 338; Jamison *v.* Dimock et ux., 14 Norris, 52–6; Hottenstein *v.* Lerch, 8 Out., 454. While the principle is differently stated in some of these cases it is substantially the same in all. In Woods *v.* Farmere, *supra*, Chief Justice GIBSON, speaking of the unlimited effect given by the English Courts to possession as an index to title, says "the duty of inquiring into the foundation of a notorious possession is not a grievous one, and it is soon performed. Why then, should a purchaser be suffered to act on probabilities, as facts, at the risk of any one but himself when a moment's share of attention would prevent misconception or loss? The doctrine of constructive notice is undoubtedly a sharp one; but, it is not more so in regard to a notorious possession than it is in regard to a registry. Nor is it less reasonable; for it certainly evinces as much carelessness to purchase without having viewed the premises as it does to purchase without having searched the register."

In the language of WOODWARD P. J., adopted by this court in McCulloch *v.* Cowher, *supra*, "The possession of land is notice to the world of every title under which the occupant claims it, unless he has put a title on record inconsistent with his possession. When, as in this case, an individual is in pos-

[Getz *v.* Phila & Read. R. R. Co.]

session under no recorded title, his possession is notice of every title which he can set up to protect himself, sufficient at least to put a purchaser on inquiry." A full discussion of the subject, by our brother Green, may also be found in Hottenstein *v.* Lerch, *supra.*

The constructive notice, spoken of in these cases, is in the nature of evidence of notice, the presumptions of which are so violent that they cannot be controverted. It is that notice which the law imputes to a person without regard to whether he has actual knowledge or not. In other words, when inquiry becomes a duty, the means of knowledge which it affords is regarded as the legal equivalent of actual notice.

As already suggested, there are some exceptions to the general rule, and the learned judge appears to have been misled by them. We find nothing in the circumstances of this case however, to take it out of the general principle above stated.

                    Judgment reversed and a venire facias de novo
                        awarded.