Moyer et al. *v.* Diehl et al. (Nidetch et al., Appellants).

Argued October 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*E. S. Leopold,* of *Scheeline, Smith & Leopold,* for appellants.

*Robert C. Haberstroh,* with him *B. F. Warfel* and *Frank B. Warfel,* for appellees.

OPINION BY PARKER, J., January 27, 1938:

This is a proceeding under the Act of April 20, 1905, P. L. 239 (12 PS 2571) by the purchasers of real estate at a sheriff's sale to obtain possession of the premises. The original action was one to foreclose a mortgage given by Emory Diehl and Calvin Diehl, and the procedure was by scire facias sur mortgage and a writ of levari facias. One of the original mortgagors, Calvin Diehl, had died intestate before these proceedings were instituted, leaving to survive him a widow and five sons. Emory Diehl and the widow and her five sons were made defendants in the scire facias and all were served. Judgment was taken on the scire facias against Emory Diehl, the widow and four of the sons, but not against the fifth son, Austin Diehl. The praecipe for a levari facias, following the judgment as taken, likewise failed to name Austin Diehl as a defendant and consequently the writ of levari facias directed the sheriff to levy the mortgage debt of the "lands and tenements which were" of Emory Diehl, the widow and four of the five sons, again omitting Austin Diehl. The sheriff executed that writ by selling to the mortgagee's personal representatives all the right, title and interest of Emory Diehl, the widow and the four sons and by making a sheriff's deed for the interest sold.

The deed from the sheriff was delivered on February 11, 1937 and on April 26, 1937 Emory Diehl, the widow and all five sons conveyed to Harry Nidetch and Sarah Nidetch all their right, title and interest in the premises covered by the mortgage. When the praecipe for a scire facias was issued an affidavit of default and an

affidavit of ownership as required by the Act of 1901 were filed. On December 8, 1936, for some reason, a second affidavit as to real owners was filed and in this affidavit the name of Austin Diehl was omitted. This omission evidently led to the omission of Austin's name from the levari facias and the sheriff's deed as well as the failure to take judgment against Austin Diehl. Long after the premises had been sold judgment was entered on the scire facias against Austin Diehl.

On May 10, 1937, the purchasers at sheriff's sale presented their petition to the court below for a citation to obtain possession pursuant to the provisions of the Act of 1905. That petition named Emory Diehl, the widow and all five sons as the persons then in possession. Harry Nidetch and Sarah Nidetch intervened as defendants, alleging they were then in actual possession of the premises and William Diehl, one of the sons, and Harry Nidetch by separate petitions petitioned the court to set aside the citation issued under the Act of 1905. The court below dismissed the petition to set aside the citation and adjudged and decreed "that the Petitioners are the owners of the real estate described in said Petition with a right to the present possession thereof and, therefore, Judgment is hereby entered in favor of the Plaintiffs above named and against the Defendants and Intervening Defendants herein set forth." That action is assigned as error on this appeal. The court below filed no opinion, but the appellees urge in support of the order appealed from that the deed of the sheriff conveyed the entire title of the mortgagors to the purchasers at the sheriff's sale, including any interest of Calvin Diehl which descended on his death to his son, Austin Diehl.

The appellants contend (1) that the interest of Austin Diehl in the premises was not affected by the foreclosure proceedings, (2) that the Act of 1905 does not give the court jurisdiction to entertain a petition

in favor of one tenant in common against his co-tenants, and (3) that even if the court did have jurisdiction it erred in ousting the defendants, Harry and Sarah Nidetch, as to the interest acquired from Austin Diehl.

The appellees' first proposition cannot be sustained. In foreclosing this mortgage the plaintiffs, in order to foreclose the interest of Calvin Diehl, the deceased, elected to make the heirs defendants rather than to raise an administrator. The proceeding to foreclose a mortgage by scire facias is statutory and was provided by Act, January 12, 1705, 1 Sm. L. 57 (21 PS 791). When the mortgagor is deceased that act provides that "his, her or their heirs, executors or administrators" are to be made parties defendant. While the prevailing practice was to make the executors or administrators defendants in such proceedings, it was definitely held in *Herron v. Stevenson*, 259 Pa. 354, 102 A. 1049, that the administrator or executor is not a necessary party defendant in the absence of anything to show that the real estate was necessary to pay the general debts of the estate. It had likewise been held that where the personal representatives of the mortgagor were made defendants it was not necessary to make the heirs or terre tenants parties to the proceedings: *Tryon v. Munson*, 77 Pa. 250, 260. It was unnecessary to name both the heirs and the executors or administrators as parties defendant even after the passage of the Act of February 24, 1834, P. L. 80: *Federal Land Bank v. King*, 294 Pa. 86, 93, 143 A. 500.

By the Act of July 9, 1901, P. L. 614, §1, as amended by the Acts of April 23, 1903, P. L. 261 and of April 24, 1931, P. L. 56, §3 (12 PS 309) it was provided that "the plaintiff ...... in any writ of scire facias sur mortgage ...... or some person on his behalf, shall file with his praecipe an affidavit, setting forth, to the best of his knowledge, information and belief, who are the real owners of the land charged, ...... and all such

persons shall be made parties to the writ, which shall then be served by the sheriff." We held in *Gelston v. Donnon*, 44 Pa. Superior Ct. 280 that the failure to file such an affidavit did not render the judgment on the scire facias a nullity but that the statutory provision was given effect by holding that if the act is not complied with the heirs can make any defense against the purchaser of the land at sheriff's sale that might have been set up on the trial of the scire facias in case they had been made party to that proceeding in the manner prescribed. This rule was approved by the Supreme Court in *Lyle v. Armstrong (No. 2)*, 235 Pa. 227, 230, 83 A. 578.

From these premises the appellees argue that the judgment on which the property was sold was not void and that the entire interest originally held by the mortgagors was conveyed by the sheriff's sale. The error in appellees' logic is that it ignores the fact that the judgment was not taken against Austin Diehl and the fact that the plaintiffs did not proceed against the administrator but adopted the alternative procedure of naming the heirs as defendants. If the personal representatives of Calvin Diehl had been made defendants the cases relied upon would be pertinent. But when the heirs alone were named it was necessary to pursue the proceeding to judgment against all the heirs to foreclose the interests of all.

It is specifically provided by the Act of 1705 that if the defendants named do not appear a definitive judgment shall be entered and that the execution may then be had by writ of levari facias. To hold that a judgment taken against one of two tenants in common binds the other is to ignore the provisions of the statute and the established rules, of procedure. The equities of those only against whom judgment was taken were foreclosed by the proceeding on the scire facias and those interests alone could the sheriff sell. In fact, the

sheriff did not even assume to levy or sell or convey, and thereby foreclose, the interest of Austin Diehl. The plaintiffs did not proceed against the mortgagors and obtain two returns of nihil or against the personal representatives. When they proceeded against the heirs to foreclose their interests each one was entitled to his day in court for the purpose of protecting his own interest although there was a common debt for which the land was liable. The interest of Austin Diehl was not foreclosed until judgment was taken against him. The sheriff's deed did convey good title to the interests of those against whom judgment was taken.

It appearing that the plaintiffs, the appellees, acquired an undivided interest in the premises, that brings us to what we regard as the important question raised by this appeal. Is the Act of April 20, 1905, P. L. 239 (12 PS 2571) applicable where an undivided interest is conveyed by a sheriff's sale? We have neither been able to find by our own research, nor have we been referred to, any decision by the appellate courts of this Commonwealth decisive of the question. It has been decided differently by various courts of common pleas. See *McMahon v. Taylor*, 27 D. & C. 174 and *Hershberger v. Hershberger*, 23 D. R. 869 for opposing views.

The Act of 1905 and the Act of June 16, 1836, P. L. 755, which was supplied by the former, were intended to give the purchasers at judicial sales of real estate a more expeditious remedy than that furnished by ejectment which was formerly a cumbersome and tedious proceeding. We find nothing in the terms of the Act of 1905 which would indicate an intention on the part of the legislature to limit its scope to purchasers of an entire interest and to deny to purchasers of undivided interests the advantages of the more expeditious remedy.

While tenants in common have unity in possession

they hold by separate and distinct titles (*Bush v. Gamble*, 127 Pa. 43, 17 A. 865), and when one of such is ousted he may have action against the other or others. Particularly, an action in ejectment will lie in such cases for the possession of an undivided interest. In *Bachop v. Critchlow*, 142 Pa. 518, 21 A. 984, the trial court gave binding instructions for the defendant and the Supreme Court reversed and granted a new trial, holding that the evidence was sufficient to justify a verdict for the plaintiff for an undivided one-half. The same course was followed in *Schuldt v. Reading Trust Co.*, 292 Pa. 327, 141 A. 152, except that judgment was entered on appeal for the plaintiff for an undivided one-half. In *Simpson v. Meyers*, 197 Pa. 522, 47 A. 868, a judgment in ejectment for an undivided one-third interest in land was affirmed. Many such cases may be found in the books.

A proceeding under the Act of 1905 is but a more expeditious remedy to recover possession of land by purchasers at judicial sales. Not a single reason has been suggested to us, nor have we been able to discover any reason, why the fact that the interest is undivided should give rise to a distinction in this respect in the fitness of the remedy, or why a different rule should prevail as to undivided interests in ejectment and under the Act of 1905. In fact, in the Act of 1905 provision is made for the adjustment of the rights of lessees.

Our conclusions are that the plaintiffs were not entitled to a judgment in their favor for the entire premises with a present right of possession thereof, but only to a judgment decreeing that they are the owners of fourteen-fifteenths of the whole with a present right of possession jointly with the defendants.

Judgment reversed and it is directed that judgment be entered in harmony with this opinion.