Koubek *v.* Tenos, Appellant

Argued October 7, 1941. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Reuben Fingold,* with him *A. S. Fingold,* for appellant.

*John E. Winner,* with him *Floyd V. Winner,* for appellee.

OPINION BY MR. JUSTICE LINN, November 24, 1941:

This is a proceeding for possession of real estate, under the Act of April 20, 1905, P. L. 239, 12 PS section 2571 et seq., brought by the purchaser at foreclosure sale. A verdict for the petitioner was directed. This appeal comes from judgment on the verdict.

The appellant, Tenos, based his right to retain possession on (1) a claim of ownership of an undivided half interest by an unrecorded agreement with the mortgagor antedating the mortgage; (2) possession at and prior to the execution of the mortgage; and (3) express notice to the mortgagee, before taking the mortgage, of his possession and ownership.

The question now is whether the evidence should have been submitted to the jury and must be answered by the application of the familiar doctrine of notice.

The mortgage is dated June 2, 1932, and was made by W. R. McKrell. At that time, the record title to the land was, and for some time had been, in McKrell, defendant in the foreclosure. The mortgaged land contained 18 acres and was used in a nursery business conducted by McKrell and Tenos, the appellant, as partners. McKrell paid $10,500 for the land and agreed, by writing dated September 19, 1931, as we interpret the contract, that Tenos should have an undivided half interest in it on repaying to McKrell one-half the consideration; on that obligation, McKrell credited Tenos with $3,000 representing one-half the value of Tenos's landscaping business then made part of the partnership business. The partnership books, kept by McKrell, seem to show that other amounts were credited to Tenos on this account, but the evidence is not clear enough to enable us to determine how much Tenos had paid in addition to the credit of $3,000 allowed to him for turning in his business. The evidence will support a finding

that Tenos was in possession as vendee of a one-half interest, but we are not able to say from this record whether Tenos had fully paid his debt to McKrell and, if not, how much remained due.

Tenos, since September 19, 1931, with his family, occupied the dwelling house on the premises. Extensive improvements for the purpose of the nursery business were made. In response to McKrell's application to the petitioner, Mrs. Koubek, and her husband,* for a $5,000 loan, the Koubeks, accompanied by McKrell, visited the premises and found Tenos in possession of the dwelling house. The parties differ in their evidence of what the transaction then consummated was. The evidence on behalf of appellant, Tenos, is to the effect that he knew nothing about the proposed mortgage; that he informed the Koubeks of his ownership as tenant in common with McKrell and of his possession. Obviously, if those were the facts, the lien of the mortgage did not bind the interest of Tenos who was not a party to it: *Caveny v. Curtis,* 257 Pa. 575, 580, 101 A. 853. On the other hand, there is evidence that Tenos was advised that the Koubeks were examining the property for the purpose of making the loan; that McKrell told them that he and Tenos "were partners in the business" conducted on the premises; that Tenos made no claim to the Koubeks of ownership; that part of the Koubek loan which "was obtained in installments" was "deposited in the name of the North Hills Nursery," apparently the name under which McKrell and Tenos traded, and that such part, at least, was expended for partnership purposes, and that Tenos, by check, paid interest on the mortgage.

With the evidence in that condition, the learned judge erred in directing the jury to find for the petitioner, who obviously could not be entitled to exclusive possession of the whole if advised, actually or constructively (*Rowe*

---

* The loan was made by Koubek and his wife; after his death, she conducted the proceedings.

*v. Ream,* 105 Pa. 543; *White v. Patterson,* 139 Pa. 429, 21 A. 360) prior to taking the mortgage, of Tenos's claim of ownership, unless Tenos consented to or benefited by the mortgage. The evidence should have been submitted to the jury with appropriate instructions to find the facts, the burden of proof being on Tenos. If Tenos understood, and expressly or by his conduct agreed, that he and his co-tenant McKrell were borrowing, or that McKrell, for the account of the partnership,—if the land, as distinguished from a lease of it or right to use it, had become partnership property,—was borrowing $5,000 and mortgaging the real estate as security, the petitioner is entitled to a verdict and possession. On the other hand, if, as Tenos now contends, the mortgage was not a partnership transaction and he was not advised that the borrowing was on the security of the land, and if the Koubeks had actual or constructive notice of the claim of Tenos, the petitioner would be entitled to a verdict and judgment only for an undivided half interest in the land, provided that Tenos showed that he had paid McKrell for the half interest specified in the written agreement. If Tenos is still indebted to McKrell on that account, his right to retain, as against petitioner, the undivided one-half interest, should be conditioned on payment to the petitioner within a reasonable time of the amount owing to McKrell on this account, a matter to be controlled by the court as enforcement of other judgments is controlled. See *Brooke v. Bordner,* 125 Pa. 470, 17 A. 467. Tenos, as vendee of an undivided interest under an unrecorded agreement of sale who has paid all or part of the purchase price could not be excluded from possession by his original co-tenant or his assigns: compare *Kinch v. Fluke,* 311 Pa. 405, 166 Pa. 905; *Moyer v. Diehl,* 130 Pa. Superior Ct. 115, 196 A. 575.

Judgment reversed and new trial awarded.