Antoinette ANELA, Petitioner,

v.

PENNSYLVANIA HOUSING FINANCE AGENCY, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.

Decided Aug. 10, 1995.

Marilynn Sager, for petitioner.

John F. Goryl, Associate Counsel, for respondent.

Before KELLEY and NEWMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Antoinette Anela (Applicant) petitions for review of the October 17, 1994 hearing examiner's order of the Pennsylvania Housing Finance Agency (Agency), affirming the denial of her application for emergency mortgage assistance under the Homeowner's Emergency Assistance Act (the Act).[1] The Agency denied Applicant's request for a Homeowner's Emergency Assistance loan on the basis that the co-owner of Applicant's home was unavailable to co-sign the mortgage documents to secure the loan, as required by the Agency's policy statement. We reverse and remand.

Under the Act, the Agency is authorized to provide mortgage assistance to homeowners facing foreclosure for reasons beyond their control. 35 P.S. §§ 1680.401c, 1680.404c. The Act requires the Agency to secure loans

---

1. Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. §§ 1680.401c–1680.410c.

by a mortgage lien on the property and by such other obligation as the Agency may require. 35 P.S. § 1680.405c(g). The Act provides an exception "[i]n cases of joint mortgagors who are husband and wife, where only one spouse who is an occupant of the mortgaged premises makes application for and receives assistance" under the Act. 35 P.S. § 1680.405c(g). In that case, "the lien to secure repayment as aforesaid shall be a lien on the property of like force and effect as a mechanic's lien." 35 P.S. § 1680.405c(g).[2]

The Agency's policy statement, intended to implement the Act, provides:

> All owners of the residence shall be applicants for the mortgage assistance loan and execute ... the mortgage and other related loan documents required by the agency, except as follows:
>
> (i) When the residence is jointly owned by a husband and wife who are separated and the applicant is occupying the mortgaged premises.
>
> (ii) When the residence is jointly owned by a former husband and wife, who are divorced and the applicant, who is occupying the mortgaged premises, is unable to locate his former spouse or the applicant is unable to obtain his former spouse's consent to join in the application or sign the agency's loan documents.

16 Pa.Code § 40.202(g)(5).

■ The principal issue before us is whether the Agency's policy statement requiring all co-owners, except separated spouses or ex-spouses, to jointly apply for

2. Section 405–C(g) provides in full:

> (g) Repayment of amounts owed to the agency from a mortgagor shall be secured by a mortgage lien on the property and by such other obligation as the agency may require. The priority of any lien obtained by the agency under this article shall be determined in the same manner as the lien of a general secured creditor of the mortgagor. The lien or other security interest of the agency shall not be deemed to take priority over any other secured lien or secured interest in effect against the mortgagor's property on the date assistance payments begin. The agency may allow subordination of the mortgage assistance lien if such subordination is necessary to permit the mortgagor to obtain a home improvement loan for

mortgage assistance conflicts with the provisions of the Act.[3] We conclude that the requirement that all co-owners jointly apply for mortgage assistance is inconsistent with the Act and, therefore, must fail. Consequently, we do not decide the additional issue of whether the Agency's policy statement, distinguishing between divorced and never-married joint homeowners, violates equal protection.

## Background

The relevant facts as found by the Agency are as follows. Applicant and her then-fiance, James R. Prem, purchased the subject property on November 30, 1989. Applicant and Prem obtained a 30–year mortgage on the property in the amount of $46,700. Shortly after purchasing the home, Applicant and Prem ended their relationship.

In 1993, John Harahan obtained a judgment against Prem and scheduled a sheriff's sale of Prem's one-half interest in the property. Harahan then purchased Prem's interest at the sale. Harahan has no relationship with Applicant. In fact, Applicant has never met Harahan.

In January of 1993, Applicant was laid off from her job as a legal secretary. Beginning in January of 1994, Applicant has been unable to pay the $509.81 monthly mortgage payments. The total amount in default is approximately $4,590.00. Applicant has no money to apply to the past due payments. Applicant applied for a mortgage assistance loan. Applicant has no reason to believe that

> repairs necessary to preserve the property. In cases of joint mortgagors who are husband and wife, where only one spouse who is an occupant of the mortgaged premises makes application for and receives assistance under this article, the lien to secure repayment as aforesaid shall be a lien on the property of like force and effect as a mechanic's lien.
> 35 P.S. § 1680.405c(g).

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Johnson v. Pennsylvania Housing Finance Agency,* 99 Pa.Commonwealth Ct. 77, 512 A.2d 1319 (1986).

Harahan would cooperate with her in applying for the loan.

The Agency denied Applicant's request. On appeal, a hearing examiner affirmed the Agency's initial decision pursuant to the Agency's policy statement requiring all owners of a residence to apply for a mortgage assistance loan.

On appeal to this Court, Applicant argues that the Act contains no requirement that all owners apply for and execute a mortgage to secure a mortgage assistance loan. Applicant contends that the Agency's policy statement misinterprets the Act. According to Applicant, the reason that the Act expressly permits one spouse to apply for and receive assistance is that, under well-established property law, one spouse alone cannot grant a mortgage on property held by the entireties. Applicant asserts that such a provision is unnecessary in the case of tenants in common, such as Applicant and Harahan, because one tenant in common has the ability to grant a mortgage on his or her undivided half interest. Therefore, Applicant argues that the Agency's policy statement, which permits a tenant in common to secure a loan only when the applicant is the separated spouse or ex-spouse of the co-owner, is too narrowly drawn and inconsistent with the statute. Applicant also contends that the distinction in the policy statement between tenants in common who are ex-spouses and those who were never-married violates equal protection.

The Agency argues that, in accordance with the Act, the policy statement subjects applicants to such other obligations as the Agency may require. According to the Agency, without all owners participating in the loan application process, it cannot ascertain, for example, whether any other owner is financially able to cure the mortgage delinquency or will force the sale of the property. In the event that the Court finds that the ex-spouse exception in the policy statement exceeds the statutory authority of the Act, the Agency contends that only that provision should be declared invalid.

## Discussion

■ The purpose of the Act is remedial and humanitarian. *Harman v. Housing Finance Agency,* 108 Pa.Commonwealth Ct. 285, 529 A.2d 1153 (1987). Therefore, we will interpret its assistance provisions liberally and broadly consistent with its purposes. 35 P.S. § 1680.601a; *Harman.* Based on our review of the plain language of the Act, we conclude that the Agency's policy statement, requiring all co-owners to apply for mortgage assistance, is inconsistent with the Act.

■ The Act clearly contemplates, one spouse, who is a joint mortgagor, alone applying for and receiving mortgage assistance. 35 P.S. § 1680.405c(g). This provision accommodates a spouse who owns property in a tenancy by the entirety and otherwise cannot, alone, encumber the property by separate action. *See Wallaesa v. Wallaesa,* 174 Pa.Superior Ct. 192, 100 A.2d 149 (1953). Such a provision is unnecessary in the case of property held in a tenancy in common. A tenant in common may, without the consent of his co-tenant, sell, convey or encumber his undivided interest in the property. *Werner v. Quality Service Oil Co.,* 337 Pa.Superior Ct. 264, 486 A.2d 1009 (1984); *See, e.g., Koubek v. Tenos,* 343 Pa. 409, 22 A.2d 740 (1941). We conclude that the Act does not prohibit one co-owner, who is an occupant, alone applying for and receiving mortgage assistance. Therefore, the policy statement, requiring all co-owners, except separated spouses or ex-spouses, to apply for assistance is contradictory to the Act.

■ Additionally, the Act specifically provides that the property securing the mortgage shall be the principal residence of the mortgagor. 35 P.S. § 1680.404c(a)(1). Thus, an applicant must occupy the dwelling in order to qualify for assistance. *Hawkins v. Pennsylvania Housing Finance Agency,* 141 Pa.Commonwealth Ct. 283, 595 A.2d 712 (1991). Therefore, the non-occupant co-owner, in this case, is not even eligible to apply for assistance under the Act.

■ Where, as here, there is a conflict between a statute and an agency's policy statement, implementing the statute, the statute must prevail. *Commonwealth v. De-*

*Fusco,* 378 Pa.Superior Ct. 442, 549 A.2d 140 (1988), *appeal dismissed,* 523 Pa. 425, 567 A.2d 1043 (1990). Because we conclude that the requirement that all co-owners apply for mortgage assistance is invalid, we need not additionally decide whether the distinction drawn in the policy statement between never-married co-owners and divorced co-owners violates equal protection.

In conclusion, we hold that the Agency erred in denying Applicant's request for assistance due to the unavailability of her co-owner to participate in the application process. Accordingly, we remand this case to the Agency for a determination of whether Applicant is otherwise qualified to receive assistance under Section 404–C of the Act, 35 P.S. § 1680.404c.

### ORDER

AND NOW, this 10th day of August, 1995, the order of the Pennsylvania Housing Finance Agency, dated October 17, 1994, is hereby reversed and this matter is remanded to that agency for further consideration.

Jurisdiction relinquished.

NEWMAN, Judge, dissenting.

I respectfully dissent from the majority opinion because I do not believe that the Agency's policy of requiring all owners of a property to sign an application for emergency mortgage assistance is either unfair or inconsistent with the Homeowner's Emergency Assistance Act[1] (the Act).

First, I note that while the legislature may not delegate its power to make a law, it is well settled that it may authorize an agency to establish and carry out rules, regulations and standards where the legislative intent is described in general terms. *See Belovsky v. Redevelopment Authority of City of Philadelphia,* 357 Pa. 329, 54 A.2d 277 (1947); *Bortz Coal Co. v. Air Pollution Commission,* 2 Pa.Commonwealth Ct. 441, 279 A.2d 388 (1971). Not all of the administrative details must be specifically enumerated in the statute. *Gilligan v. Pennsylvania Horse Racing Commission,* 492 Pa. 92, 422 A.2d 487 (1980).

In this case, the Agency's policy-making power springs from the Act's empowering language of Article IV–C, Section 404–C which states, in relevant part, the following:

(a) No assistance may be made with respect to a mortgage under this article unless all of the following are established:

.   .   .   .   .

(6) The mortgagor has applied to the agency for assistance on an application form prescribed by the agency for this use which includes a financial statement disclosing all assets and liabilities of the mortgagor, whether singly or jointly held, and all household income regardless of source. Any applicant who intentionally misrepresents any financial information in conjunction with the filing of an application for assistance under this article may be denied assistance or required to immediately repay any amount of assistance made as a result of such misrepresentation, and the mortgagee may, at any time thereafter, take legal action to enforce the mortgage without any further restrictions or requirements under this article.

.   .   .   .   .

(8) The agency has determined, based on the mortgagor's financial statement, that the mortgagor has *insufficient household income* or net worth to correct the delinquencies within a reasonable period of time and make full mortgage payments.

.   .   .   .   .

(11) The mortgagor meets any other procedural requirements established by the agency.

35 P.S. § 1680.404c.

Clearly, the Act authorizes the Agency to establish the application process with an eye towards gauging the homeowner's ability to pay the mortgage and correct the delinquency. It is reasonable that a lender would require information regarding all of the property's owners in order to determine their ability to satisfy both the delinquency and the new assistance loan. As stewards of the taxpayers' funds, the Agency must be responsible for determining whether the own-

**1.** Act of December 23, 1983, P.L. 385, *as amend-* *ed,* 35 P.S. §§ 1680.401c–1680.410c.

ers of a property are due the benefit of public assistance. It cannot do so without information regarding all the beneficiaries of a publicly funded loan.

I am satisfied that requiring all co-owners to apply jointly for mortgage assistance is fair, reasonable, and consistent with the authorization given the Agency under the Act. For these reasons, I believe the decision of the Agency should be upheld. I therefore respectfully dissent.