**Col. David E. PREWITT, Petitioner,**

v.

**DEPARTMENT OF MILITARY AF-FAIRS and The Adjutant General of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1996.

Decided Nov. 14, 1996.

Reargument Denied Jan. 17, 1997.

David E. Prewitt, Haverford, for Petitioner.

Eclemus Wright, Jr., Annville, for Respondent.

Before PELLEGRINI and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Colonel David E. Prewitt appeals from an order of the Adjutant General of Pennsylvania (Adjutant General) approving a proposed report and order of a hearing officer denying Colonel Prewitt's appeal and application for promotion to the grade of brigadier general on the retired list of the Pennsylvania National Guard pursuant to section 2313 of the Military Code, 51 Pa.C.S. § 2313. We affirm.

In this appeal, the sole issue before this court is whether the Adjutant General should be required to promote Colonel Prewitt pursuant to section 2313 of the Military Code. Section 2313 governs the promotion of retired Pennsylvania National Guard personnel and provides:

(a) **Promotions**—Every former officer, warrant officer or enlisted person shall,

upon application to the Adjutant General after his or her retirement, be promoted to the next higher grade in the Pennsylvania National Guard retired list above that presently held in a grade Federally recognized if the applicant:

(1) has served a total of 25 years in armed forces of the United States or its components, ten years of which includes service in Pennsylvania National Guard with active Federal service counting as double time. The 25 years service shall be such as would be credited for retirement of National Guard and Reserve personnel; or

(2) has attained the grade of major general in the Pennsylvania National Guard and has been Federally recognized in such grade; or

(3) has served in the Pennsylvania National Guard, Pennsylvania Guard or both for a period of 25 or more years and who has served in his highest grade for at least one year.

Promotion to general officer on the retired list shall not require the consent of the Senate.

(b) **Computation of period of service.**—In considering the period of service under this section, the military service of personnel in the Pennsylvania National Guard engaged in the service of the United States or active service in the armed forces of the United States shall be included and counted double in calculating the period of service for retirement with increased grade under provisions of this section.

Colonel Prewitt contends that based on the statutory language of section 2313, the Adjutant General is required to promote Colonel Prewitt to the grade of brigadier general on the retired list of the Pennsylvania National Guard.[1] The Department of Military Affairs (DMA) contends that, pursuant to its inter-. pretation of section 2313, Colonel Prewitt is not entitled to a promotion on the retired list because he has not served the required ten years in the Pennsylvania National Guard.

The facts herein with respect to Colonel Prewitt's military service are undisputed. Colonel Prewitt served on active duty in the United States Army from March 19, 1962 until June 15, 1965, a total of 3 years, 2 months, and 17 days. Colonel Prewitt was not a member of the Pennsylvania National Guard when he entered active duty with the United States Army.

Colonel Prewitt was appointed as an officer of the Pennsylvania National Guard on February 19, 1971 and served a total of 6 years, 8 months and 28 days. Colonel Prewitt was not called or ordered to active federal service during the period he served as a member of the Pennsylvania National Guard. In November 1977, he was released from the Pennsylvania National Guard so he could transfer to the United States Army Reserve to qualify for promotion to the grade of major. Colonel Prewitt remained a member of the United States Army Reserve until May. 12, 1993 when he retired in the grade of colonel. As a result, Colonel Prewitt accumulated more than 28 years of service qualifying for retirement in a reserve component of the United States armed forces.

On July 15, 1993, Colonel Prewitt wrote the Adjutant General requesting promotion to the grade of brigadier general on the Pennsylvania National Guard's retired list pursuant to section 2313 of the Military Code. On August 16, 1993, the DMA advised Colonel Prewitt that his request for promotion could not be granted because he did not serve 10 years in the Pennsylvania National Guard.

On September 3, 1993, Colonel Prewitt wrote to the State Judge Advocate, seeking reconsideration of his request for promotion. As a result, an administrative hearing was held before a hearing officer on March 24, 1994, after which the hearing officer issued a

---

1. Pursuant to the United States Army's order of ranking, the grade of brigadier general is the next higher grade after the grade of colonel. Pursuant to Pennsylvania Military Regulation Number 600–4, a promotion on the Pennsylvania National Guard retired list is an honorary promotion and is a means of honoring individuals on the occasion of their retirement from active status, by providing much deserved recognition for their service to the Commonwealth of Pennsylvania. *See* Original Record, Item 7, Transcript of hearing held March 24, 1994, Presiding Officer's Exhibit # 1.

proposed report and order. Based on the evidence received and a review of the statutory language of section 2313, the hearing officer concluded that:

(1) Colonel Prewitt has served a total of more than 25 years in the armed forces of the United States or its components, which service is such as would be credited for retirement of National Guard or Reserve personnel;

(2) Colonel Prewitt did not serve 10 years in the Pennsylvania National Guard, with active federal service counting double;

(3) Colonel Prewitt's 3 years, 2 months, 17 days of active duty with the United States Army is not applicable to be counted or doubled for purposes of meeting the 10 year Pennsylvania National Guard service requirement because this period of active Army duty was not active federal service as a member of the Pennsylvania National Guard; and

(4) Colonel Prewitt is not entitled to promotion to the grade of brigadier general on the Pennsylvania National Guard retired list because he did not serve 10 years in the Pennsylvania National Guard.

■ Accordingly, the hearing officer entered a proposed order on June 6, 1995, denying Colonel Prewitt's appeal and his application for promotion. Colonel Prewitt filed exceptions to the hearing officer's proposed report and order. On December 3, 1995, the Adjutant General approved the hearing officer's proposed report and order. This appeal followed.[2]

Pursuant to section 1921 of the Statutory Construction Act of 1972:[3]

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible; to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

Pursuant to section 1922 of the Statutory Construction Act of 1972,[4] in ascertaining the intention of the General Assembly in the enactment of a statute, it is to be presumed that the General Assembly did not intend a result that is absurd, impossible of execution or unreasonable, and that the General Assembly intended the entire statute to be effective and certain. In addition, in no case shall the punctuation of a statute control or affect the intention of the General Assembly in the enactment of a statute, but punctuation may be used to aid in the construction of the statute in question. Section 1923 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1923.

In this case, Colonel Prewitt contends that, pursuant to section 2313 of the Military Code, he has served the required 10 years in the Pennsylvania National Guard. Colonel Prewitt argues that his active duty service in

---

**2.** This court's scope of review of an administrative agency's determination is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Anela v. Pennsylvania Housing Finance Agency,* 663 A.2d 850 (Pa.Cmwlth.1995), *petition for allowance of appeal granted,* 544 Pa. 636, 675 A.2d 1252 (1996).

**3.** 1 Pa.C.S. § 1921.

**4.** 1 Pa.C.S. § 1922.

the United States Army, before he became a member of the Pennsylvania National Guard, from March 19, 1962 until June 15, 1965, a total of 3 years, 2 months, and 17 days, should be counted as double time and added to his 6 years, 8 months and 28 days service as a guardsman.

■ Colonel Prewitt argues that the Adjutant General's interpretation of section 2313, that the only active federal service which may be included and counted as double time towards the 10 year service requirement is active duty as a guardsman, is erroneous. Colonel Prewitt contends that section 2313 applies to any current or former guardsman who has had over 25 years of service in the armed forces of the United States and who has either served 10 years in the Pennsylvania National Guard or has served sufficient time in the active service of the United States which, when doubled and added to the Pennsylvania National Guard time, amounts to over 10 years.

The DMA argues that section 2313 allows for the doubling of active service in the armed forces of the United States to be added to the total time served in the Pennsylvania National Guard provided that the active service in the armed forces of the United States occurred while as a member of the Pennsylvania National Guard. The DMA contends that Colonel Prewitt's active service in the armed forces did not occur while as a member of the Pennsylvania National Guard; therefore, that service cannot be doubled.

■ Upon review of the statutory language of section 2313, we conclude that Colonel Prewitt's interpretation of section 2313 is erroneous. We believe that the hearing officer was correct in his interpretation that the phrase "with active Federal service counting double time" found in section 2313(a)(1) is a term of limitation that relates to calculating whether an applicant meets the 10 year

Pennsylvania National Guard service requirement. While the phrase "active Federal service" is not defined in Chapter 23 of the Military Code, section 2315 of the Military Code, 51 Pa.C.S. § 2315, governs the status of the Pennsylvania National Guard when any or all of the units and members are ordered into active Federal service.[5] This section's use of the phrase "active Federal service" indicates that the phrase "active Federal service," when used in section 2313(a)(1), does not mean active military service in another reserve component or the United States active armed forces while the applicant is not a guardsman. Therefore, in the context of section 2313 of the Military Code, the phrase "active Federal service" refers to active military service of the United States while a member of the Pennsylvania National Guard. An example would be when a national guard unit is called to duty during a federal military conflict such as Desert Storm. Accordingly, the phrase "active Federal service" does not apply to any other active duty in the armed forces of the United States which may have been served before or after an applicant's Pennsylvania National Guard service.

As such, we also reject Colonel Prewitt's contention that pursuant to section 2313(b), the active federal service counting as double time may either be as a guardsman *or* as a non-guardsman on active duty in any of the branches of the United States armed forces. Because the phrase "with active Federal service counting as double time" found in section 2313(a)(1) is a term of limitation, we conclude that the provisions of section 2313(b) governing the computation of the period of service relate solely to calculating the total period of service for retirement.

The last sentence of section 2313(a)(1) provides that "[t]he 25 years service shall be such as would be credited for retirement of National Guard and Reserve Personnel."

5. Section 2315 provides in pertinent part:
(a) **General rule.**—When any or all of the units and members of the Pennsylvania National Guard are ordered into the active military service of the United States, they stand relieved from duty in the Pennsylvania National Guard during the period of such active military service, irrespective of the term of their existing commissions or enlistments. Their prior status as units and members of the Pennsylvania National Guard continue to exists as an underlying and temporarily suspended status of origin to which they may and do return upon relief from the active military service of the United States.

Section 2313(b) provides that the doubling of service applies to calculating the period of service for retirement with increased grade under provisions of this section. Therefore, section 2313(b) relates to whether an applicant meets the requirements for having served a total of 25 years as would be credited for retirement, not whether the applicant meets the 10 year Pennsylvania National Guard service requirement.

Colonel Prewitt also argues that the legislative history of the Military Code reveals that the hearing officer relied on an erroneous interpretation of section 2313. Colonel Prewitt argues that the doubling provisions of the 1949 and 1959 Military Codes did not restrict active duty service to service on active duty in the capacity as a member of the Pennsylvania National Guard.

A review of the pertinent provisions of the 1949 and 1959 Military Codes reveals that both acts required that the applicant for promotion on the retired list serve in the Pennsylvania National Guard, the Pennsylvania National Guard Reserve or the Pennsylvania Guard, or all three, for a period of 25 or more years. *See* Original Record, Item 7, Transcript of Hearing held March 24, 1994, DMA Exhibit # 4. Both the 1949 and 1959 Military Codes provided that in considering the period of service, the military service of a commissioned officer in the Pennsylvania National Guard engaged in the service of the United States or service in the United States Army, Navy or Marine corps, Army of the United States or Coast Guard shall be included and counted double in calculating the period of service for retirement or retirement with increased grade. *Id.*

Based on this doubling provision of the 1949 and 1959 Military Codes, Colonel Prewitt argues that the doubling of active duty service was not restricted to and could not be restricted to service on active duty in the capacity as a Pennsylvania National Guardsman. This is true, Colonel Prewitt contends, because one cannot serve in the capacity of a National Guardsman on active duty in the sister services listed in the prior Military Codes.

While we agree that the doubling provision found in the 1949 and 1959 Military Codes

may be read the way Colonel Prewitt suggests, we point out that the current Military Code now contains the limitation found in section 2313(a)(1) that only "active Federal service" counts as double time. As held previously in this opinion, the phrase "active Federal service" means active service in the United States armed forces while a member of the Pennsylvania National Guard. The absence of this limitation in the prior Military Codes indicates a legislative intent to presently permit only active federal service, as that phrase has been interpreted by this court, to be counted as double time in determining whether the applicant has served the required 10 years, of the total required 25 years of service, in the Pennsylvania National Guard.

We also note that section 2313 of the present Military Code only requires that 10 years of the total of 25 years in the armed forces of the United States or its components be service in the Pennsylvania National Guard. The present Military Code no longer requires, as did the 1949 and 1959 Military Codes that the total 25 years of service for the purposes of retirement be served in the Pennsylvania National Guard, Pennsylvania National Guard Reserve or the National Guard.

In addition, we point out that the current Military Code no longer contains a provision found in the 1959 Military Code directing that a person who has served and attained the grade of colonel in the United States Army and who had a total active and reserve service of 35 years and who was, during his total service, a citizen of the Commonwealth of Pennsylvania, be placed upon the retired list as of the grade of brigadier general. *Id.* This further supports our conclusion that the General Assembly when it enacted the current Military Code, intended to require, as a prerequisite to being placed on the retired list in the Pennsylvania National Guard, that all applicants serve 10 years in the Pennsylvania National Guard.

Accordingly, the decision of the Adjutant General denying Colonel Prewitt's appeal and his request for promotion on the Penn-

sylvania National Guard retired list to brigadier general is affirmed.

### ORDER

NOW, this 14th day of November, 1996, the order of the Adjutant General of Pennsylvania is affirmed.

RODGERS, Senior Judge, dissenting.

I respectfully dissent. At issue is the correct interpretation of Section 2313(a) and (b) of the Military Code, 51 Pa.C.S. § 2313(a) and (b), which provides for mandatory promotions of retired personnel of the Pennsylvania National Guard to the next higher rank. The statute says this:

§ 2313. **Retired Pennsylvania National Guard personnel**

(a) **Promotions.**-Every former officer ... shall, upon application to the Adjutant General after his or her retirement, be promoted to the next higher grade in the Pennsylvania National Guard retired list above that presently held in a grade Federally recognized if the applicant:

(1) has served a total of 25 years in armed forces of the United States or its components, ten years of which includes service in Pennsylvania National Guard with active Federal service counting as double time. The 25 years service shall be such as would be credited for retirement of National Guard and Reserve personnel; . . . .

(b) **Computation of period of service.-** In considering the period of service under this section, the military service of personnel in the Pennsylvania National Guard engaged in the service of the United States or active service in the armed forces of the United States shall be included and counted double in calculating the period of service for retirement with increased grade under provisions of this section.

To qualify for mandatory promotion to Brigadier General (a purely honorary title), Colonel Prewitt must meet two conditions: (1) 25 years of service in the armed forces, and (2) 10 years of service in the Pennsylvania National Guard or its equivalent in active service. The respondent, DMA, concedes that Colonel Prewitt has more than 25 years of service in the armed forces, but contends he lacks 16 days of the required 10 years service in the National Guard (R. 16–9 n. 4), because the first three years, two months and seventeen days of his active duty service (including one year as a helicopter pilot in Vietnam) cannot be counted double in calculating the period of service for retirement with increased grade, since that service was as a member of the armed services generally and not as a member of a federalized Pennsylvania National Guard.

The DMA contends that only active duty service as a member of the Pennsylvania National Guard may be counted double under the statute. But DMA's rationale in support of its position is confused. Its chief counsel has argued at various times: (1) Section 2313(a)(1) permits the doubling of active duty service to establish 25 years in the armed services and the Pennsylvania National Guard, but Section 2313(b) requires active duty as a member of the Pennsylvania National Guard to count double as ten years service in the Guard (R. 2–4, 5); (2) Section 2313(a) if it existed by itself would entitle Colonel Prewitt to promotion, but Section 2313(b) bars such promotion (R. 7–60); and (3) Section 2313(a)(1) does not permit the doubling of active duty service to meet the 25 year total service time (Respondent's brief, p. 15).

Contrary to the rationale of DMA's chief counsel, the hearing officer, formerly chief counsel of the DMA, concluded that Section 2313(a)(1), not Section 2313(b), bars Colonel Prewitt's promotion, because Section 2313(a)(1) relates exclusively to the ten year National Guard service requirement and Section 2313(b) relates exclusively to the 25 year total service requirement (R.16–10, 11).

The DMA's expert witness, its director of Military Personnel, testified that in his opinion (1) Section 2313(a)(1) does permit doubling of active duty service to meet the 25 year total service requirement, but (2) Section 2313(b) governs the ten year National Guard service requirement and requires active service as a member of the Pennsylvania National Guard rather than service as a

member of the armed services to count as double time (R.7–10, 42).

The DMA argues that this court should give deference to the agency's interpretation of statutes relating to promotion of personnel. But in this case we have conflicting interpretations of 51 Pa.C.S. § 2313 by the agency itself. Furthermore, the language of the statute regarding promotions is mandatory and involves no exercise of discretion. The DMA does not dispute Colonel Prewitt's right to a promotion if he meets the ten year service requirement.

I would hold that Section 2313(b) specifically provides that "active service in the armed forces of the United States shall be included and counted double in calculating the period of service for retirement with increased grade under provisions of this section," and grant the promotion.