J-A29029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHARON DEBERRY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THE ESTATE OF GEORGE M. GARRISON, MABLE JANE GARRISON, AND DAVID M. GARRISON | |
| APPEAL OF:  DAVID M. GARRISON | |
| | No. 687 WDA 2016 |

Appeal from the Order April 14, 2016
In the Court of Common Pleas of Greene County
Civil Division at No(s): 1167 AD 2012

BEFORE:  DUBOW, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                                **FILED MARCH 24, 2017**

David M. Garrison ("David") appeals from the April 14, 2016 order entered in the Greene County Court of Common Pleas granting summary judgment in favor of Defendants, the Estate of George M. Garrison ("the Estate") and Mable Jane Garrison ("Mable").  We affirm.

The trial court set forth the following facts:

> On November 30, 2012, Sharon DeBerry [("DeBerry")] filed a complaint against [the Estate, Mabel, and David] (hereinafter "Defendants") alleging an oral contract, agreed to on May 30, 2001, for the sale of a ten (10) acre tract of real property surrounding [DeBerry]'s trailer. [DeBerry] was to pay George and Mabel Garrison $10,500.00 as the purchase price, over a two (2) year

period. Defendants[1] deny the existence of said oral contract.

[DeBerry] alleges that she had been living on the ten (10) acre tract, part of a larger one hundred (100) acre tract of land, since 1982 (Defendants claim [DeBerry] was not a continuous resident prior to 1996). [DeBerry] avers that the agreement stated that she would not take a deed to the property until after the death of George Garrison. Mr. Garrison died on December 3, 2003.

On April 20, 2006, Mabel Garrison executed a deed transferring property to herself and David Garrison as joint tenants with right of survivorship. The Defendants claim George and Mabel Garrison owned the property "by the entireties" at the time of George's death in 2003. Defendants also only admit to knowledge of the larger parcel of land, the full 100 acres, and do not acknowledge the smaller portion (the 10 acres that were to be sold to [DeBerry]).

In July 2007, David Garrison refinanced the mortgage of the property and unpaid taxes, which equaled an amount of $50,000.00. From September 2005 to July 2007, David Garrison paid $9,000.00 in mortgage payments.

Order, 7/13/15, at 1-3 (unpaginated).

On March 8, 2013, David filed a cross-claim against the Estate and Mable. On April 6, 2015, DeBerry filed a motion for summary judgment. On July 13, 2015,[2] the trial court entered an order granting DeBerry's motion

_____

[1] David is the only defendant who denies the existence of the oral contract. Mable admits in her deposition that she and her husband, George Garrison, sold the property to DeBerry. N.T., 12/29/14, at 10. Furthermore, in their brief, the Estate and Mable admit that the oral contract existed and was completed. Estate and Mable's Br. at 7-10.

[2] This order is dated July 13, 2015 but was filed on July 14, 2015. The trial court uses both dates interchangeably.

for summary judgment and held that: a contract to purchase the land in question existed between DeBerry and George and Mable Garrison; David was not a *bona fide* purchaser for value; and the Defendants' asserted defenses of statute of limitations and laches failed as a matter of law. On December 11, 2015, the Estate and Mable filed a motion for summary judgment on David's cross-claim. On February 1, 2016, the trial court heard oral argument on the motion for summary judgment. On April 14, 2016, the trial court granted the Estate and Mable's motion for summary judgment, concluding that all matters were properly disposed of in the July 13, 2015 order. On May 11, 2016, David timely filed his notice of appeal.[3, 4]

David raises the following issues on appeal:

I.     Whether a genuine issue of material fact exists when [David] comes forward on his own with evidence disputing the existence and any knowledge of a prior contract, and, alternatively, when acting in good faith as a *bona fide* subsequent purchaser?

II.    Whether the trial court erred in allowing a co-appellee to file an untimely motion days before trial?

---

[3] While David's notice of appeal only mentions the April 14, 2016 order, it is an appeal from both the July 13, 2015 and April 14, 2016 orders, as the July 13, 2015 order was not a final order appealable at that time. *See* Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order . . . . A final order is any order that . . . **disposes of all claims and of all parties**.") (emphasis added).

[4] The trial court did not file a separate Rule 1925(a) opinion; rather, it relied on its April 14, 2016 order and opinion, which refers to the July 13, 2015 order.

David's Br. at 5 (suggested answers omitted).

David's first claim is two-fold. First, he argues that there is a genuine issue of material fact as to whether the land sale contract existed. Second, in the alternative, he argues that there is a genuine issue of material fact as to whether he was a *bona fide* subsequent purchaser.

It is well-established that "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." ***Truax v. Roulhac***, 126 A.3d 991, 996 (Pa.Super. 2015) (quoting ***Atcovitz v. Gulph Mills Tennis Club, Inc.,*** 812 A.2d 1218, 1221 (Pa. 2002)). The moving party bears the burden of proving that no genuine issue of material fact exists. ***Stimmler v. Chestnut Hill Hosp.***, 981 A.2d 145, 159 (Pa. 2009). "[T]he trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party . . . ." ***Truax***, 126 A.3d at 996 (internal citation omitted). We have explained our standard of review as follows:

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals.

*Id.* (quoting ***Weaver v. Lancaster Newspapers, Inc.,*** 926 A.2d 899, 902–03 (Pa. 2007)).

David first clams that there is a genuine issue of material fact as to whether the land sale contract existed. He maintains that there exist factual disputes as to whether DeBerry paid the alleged sale price, what the specific piece of land in question was, and whether George Garrison intended to enter the oral agreement for the purchase of land. David, however, has waived this issue by failing to include it in his Pennsylvania Rule of Appellate Procedure 1925(b) statement.[5] ***See Commonwealth v. Lord***, 719 A.2d

_____

[5] David raised the following issues in his Rule 1925(b) statement:

> Whether the trial court erred in finding no genuine issue(s) as to any material fact existed between Appellant and Appellees.

> Whether the trial court abused its discretion in allowing co-Appellees to file an untimely motion for summary judgment against Appellant.

> Whether the trial court erred in finding Appellant is not a good faith purchaser for value of real property.

> Whether the trial court erred in essentially ignoring Appellant's deposition testimony and pleadings or parts of them and/or in weighing credibility in finding no genuine issue(s) of material fact existed and the he was not a good faith purchaser for value.

Stmt. Of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 5/23/16.

The first paragraph of David's Rule 1925(b) statement fails to identify the issue he is appealing. ***See Commonwealth v. Dowling***, 778 A.2d 683,
*(Footnote Continued Next Page)*

306, 309 (Pa. 1998) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived."); ***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa.Super. 2001) ("[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.").

Even if David had not waived his claim, we agree with the trial court that Mable's admission that she and her husband sold the property to DeBerry, coupled with the check receipts establishing that DeBerry paid the agreed-upon amount, demonstrate the absence of a genuine issue of material fact as to the existence of the land sale contract. Order, 7/13/15, at 4-5.

In the alternative, David claims he was a *bona fide* subsequent purchaser whose rights are superior to those of DeBerry because he had no knowledge of the contract prior to purchasing the land. He claims that he was not on inquiry notice because, although his sister lived on the family farm, he was not on "speaking terms" with her and his mother told him to keep his subsequent purchase of the 100-acre lot a secret. David's Br. at 16. David further claims that he is a *bona fide* subsequent purchaser

_(Footnote Continued)_ ─────────────

686-87 (Pa.Super. 2001) (explaining that vague Rule 1925(b) statements constitute waiver); ***id.*** at 686 ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.") (quoting ***Commonwealth v. Butler***, 756 A.2d 55, 57 (Pa.Super. 2000)).

because he acted in good faith by hiring an attorney and conducting a title search prior to purchasing the property.

A *bona fide* purchaser is "one who pays valuable consideration, has no notice of outstanding rights of others, and acts in good faith." **Carnegie Natural Gas Company v. Braddock**, 597 A.2d 285, 288 (Pa.Cmwlth. 1991). Thus, "to qualify as a *bona fide* purchaser, the subsequent buyer must be without notice of a prior equitable interest." **Roberts v. Estate of Pursley**, 718 A.2d 837, 841 (Pa.Super. 1998). Our Supreme Court has held that "possession of land is notice to the world." **Rowe v. Ream**, 105 Pa. 543, 546 (1884). It has further held that "[w]hen . . . an individual is in possession under no recorded title, his possession is notice of every title which he can set up to protect himself, sufficient at least to put a purchaser on inquiry." **Id.** at 546-47; **see also Atlantic Ref. Co. v. Wyoming Nat. Bank of Wilkes-Barre**, 51 A.2d 719, 724 (Pa. 1947) (quoting **Kerr v. Day**, 14 Pa. 112, 116 (1850)) ("Where there is a tenant in possession under a lease, or an agreement, a person purchasing part of the estate must be bound to inquire on what terms that person is in possession.").

The trial court found that David

> was not a Bona Fide Purchaser as he had notice of [DeBerry]'s possession of the real property in question. [DeBerry] was in sole possession of the land prior to any deed executed by [Mable and David]. In addition, David . . . admitted in his deposition that . . . DeBerry had been

living on the property in question since the 1990s.[6] Mable . . . also stated in her deposition that David . . . ha[d] actual knowledge of the land sale contract.

Order, 7/13/15, at 5. Because we agree with the trial court that David had notice prior to purchasing the land in question, he is not a *bona fide* purchaser.

Next, David claims the trial court abused its discretion by allowing the Estate and Mable to file an untimely motion for summary judgment days before jury selection. He maintains that in its January 21, 2015 order, the trial court ordered that all dispositive motions be filed by April 15, 2015, thus, David claims that the Estate and Mable's motion for summary judgment, filed on December 11, 2015, was untimely.

Because David has not adequately developed this claim in the argument section of his brief, we conclude that he has waived it. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").[7] David has cited no authority indicating why it was improper for the trial court to rule on the

---

[6] N.T., 2/4/15, at 6.

[7] "It is not [our] obligation . . . to formulate Appellant's arguments for him." **Commonwealth v. Johnson**, 985 A.2d at 924.

motion and failed to ensure a transcript of the February 1, 2016 hearing is in the certified record. Thus, we find this claim waived. ***See Commonwealth v. Steward***, 775 A.2d 819, 833 (Pa.Super. 2001) ("Pa.R.A.P. 1911 makes it abundantly plain that it is the responsibility of the [a]ppellant to order all transcripts necessary to the disposition of his appeal.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2017